# David T. Moore

*v.*

# Samuel B. Chandler *et al.*[*]

1. Mortgages—*sale of a part of mortgaged premises by administrator of mortgagor—such part only secondarily liable.* Where the administrator of a deceased mortgagor obtains an order of the probate court for the sale of a portion of the mortgaged premises, to pay debts other than that secured by the mortgage, which have been allowed against the estate, the residue of the mortgaged premises remaining to the heirs of the mortgagor must be first resorted to for the satisfaction of the mortgage, that portion held by the purchaser at the administrator's sale being only secondarily liable.

2. In that regard, the purchaser at the administrator's sale, and the heirs of the mortgagor, hold the same relation to each other that would have existed between the mortgagor himself and his grantee, in case the former had sold and conveyed a part of the mortgaged premises in his life time, and their respective rights are governed by the case of *Iglehart* v. *Crane & Wesson*, 42 Ill. 261.

3. And where the interest of a portion of the heirs had been sold under execution against them, prior to the sale by the administrator, the purchaser at the execution sale would stand in no better position than the heirs themselves whose interests had thus been sold.

4. Same—*of applying the residue of the proceeds of the administrator's sale in satisfaction of the mortgage.* There remained in the hands of the administrator of the mortgagor a surplus fund, arising principally from the sale of the portion of the mortgaged premises. This could not, however, be applied to relieve the land purchased at the administrator's sale from its ultimate liability to the mortgage, the debt secured thereby never having been allowed against the estate, and the time having passed when it could be so allowed. The general property of the estate being thus discharged from the payment of the mortgage debt, it could only be enforced against the mortgaged premises.

Appeal from the Circuit Court of Washington county; the Hon. Silas L. Bryan, Judge, presiding.

Mr. W. H. Moore, for the appellant.

Mr. P. E. Hosmer and Mr. J. Miller, for the appellees.

[*]This case, and the next following, were submitted at the June term, 1871, but did not come to the hands of the Reporter in time to be placed with the other cases of that term, in the former part of this volume.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The original bill in this cause was filed by Samuel B. Chandler, trustee for . Adele S. Morrison, to foreclose a mortgage executed by Henry Darter and wife. The mortgage is in the usual form, and was made in 1864 to secure certain notes that would mature in five and six years after that date.

In March, 1867, Darter died, and in May following, Daniel Hay was appointed administrator of the estate. It was found that the personal effects were insufficient to pay the claims allowed against the estate, and, accordingly, in 1869, the administrator filed a petition in the county court and obtained a decree to sell so much of the real estate of which Darter died seized as might be necessary to pay the debts of the estate. In pursuance of that decree, the administrator sold forty acres of the land included in the mortgage, to the appellant, and executed to him a deed in the usual form.

Previous to this sale, the interest of two of the heirs, viz: Andrew M. and Anthony W. Darter, in the lands included in the mortgage, had been sold on execution, and that of Andrew was purchased by Geiss & Brosius, and that of Anthony by the administrator, Hay. They had received a sheriff's deed for the same, which was on file in the proper office, for record, Hay placing his on file the day and hour of the sale to the appellant. The other heirs and the several purchasers were made parties to the original bill. The appellant, Moore, filed a cross bill with a view to obtain a decree to compel the administrator, Hay, to pay the Chandler mortgage out of funds which, he alleges, were in his hands belonging to the estate, arising from the personal property and real estate sold to him ; and if this could not be done, to have the other lands embraced in the mortgage first exposed to sale to pay the mortgage indebtedness. The other defendants to the original bill also filed a cross bill, making Chandler and Moore defendants, in which they allege the forty acres purchased by the appellant was of equal value with another tract

of forty acres, and of twice the value of the remaining tract described in the mortgage, and praying that each tract be subjected to the payment of a ratable proportion of the mortgage. There is no dispute as to the amount due Chandler, but the controversy is between the heirs and those claiming under them, and the appellant, in regard to their respective interests in the premises.

After payment in full of all claims allowed against the estate, there still remained in the hands of the administrator a surplus fund, arising principally from the sale of the land to appellant, which he insists should be applied to the payment of the mortgage. It is not perceived how this can be done. The Chandler debt was never allowed as a claim against the estate, and two years from the granting of letters having elapsed, it is now too late. The estate is, therefore, discharged from the payment of the debt, and Chandler can only enforce his claim against the mortgaged premises. There is no pretense he was within any saving clause of the statute. *People* v. *White*, 11 Ill. 342; *Wingate* v. *Pool*, 25 Ill. 118.

There is some conflict in the testimony, but the weight of the evidence is, the appellant paid the full value of the land purchased by him at the administrator's sale, and the principal questions in the case are, whether the other lands embraced in the mortgage, and which would descend to the heirs and those claiming through them, shall be first subjected to the payment of the mortgage, or whether the appellant's land shall be ratably charged with its payment.

The circuit court decreed, on the cross bill of the heirs, that the several tracts of land owned by the respective parties should each bear its proportional share of the burden of this mortgage debt.

This, we think, was error. The case falls within the rule announced in *Iglehart* v. *Crane & Wesson*, 42 Ill. 261, and the principles of that case must be held to control this.

The authorities all hold, where a mortgagor conveys a portion of the mortgaged premises, retaining a portion to himself,

as between him and his grantee, that part retained by the mortgagor should be first applied to the payment of the indebtedness secured by the mortgage.

The principle is, that the property of the debtor must be first exhausted. It is regarded as only another mode of applying the principle, where there are two creditors standing in equal equity, one of whom has security upon two funds, and the other upon only one of the two, the former is required to proceed primarily against the fund upon which the other has no lien.

In Iglehart's case, *supra,* upon a very full review of the authorities, it was held to be a just and equitable rule, where a mortgagor makes successive sales of distinct parcels of the mortgaged property to different persons having notice of prior sales, and the mortgagee files a bill to foreclose, the several parcels shall be subjected to sale in the inverse order of their alienation. The rule established rests upon principle, and is supported by the weight of authority.

The court cites with approbation the case of *Clowes* v. *Dickerson,* 5 John's Chy. 235, in which it was held, a judgment creditor can not enforce his judgment against the lands of a subsequent purchaser, so long as there is other land of the debtor remaining to satisfy the judgment, and that heirs who pay off the judgment debt of their ancestor, are not entitled to demand contribution of the purchaser of his land subject to the judgment. It is for the reason, as expressed in the terse language of the old books, " the heir sits in the seat of his ancestor." The heir is bound to discharge the debt of the ancestor to the extent of the assets that may descend to him.

In the case at bar, the heirs can claim no other protection than the mortgagor, if living. As between him and his grantee, the portion retained would, undoubtedly, be liable to be first sold in payment of the mortgage. The purchasers of the interest of the two heirs, Andrew and Anthony, at sheriff's sale, can occupy no better position than the heirs themselves. They may be said to sit in the seats of the heirs. It is true,

in this instance, the mortgagor did not himself convey any part of the mortgaged premises. That can not change the principle. A part of the lands covered by the mortgage was sold by decree of court by the representative of the mortgagor, and the proceeds applied to the benefit of the estate.

The effect is the same as if the mortgagor, in his life time, had conveyed the land, and that which remains to the heirs must be first subjected to the payment of the mortgage. The right of the appellant to equitable relief, would be the same in either case. In view of the fact, before stated, that the appellant paid the full value of the land, we deem it eminently proper, in this instance, that the relief sought should be granted.

The decree of the circuit court must be reversed, with direction to decree on the original bill as in its former decree, and upon the cross bill of the appellant decree that the lands which would descend to the heirs, shall be first sold to pay the mortgage indebtedness.

The court will also enter an order, dismissing the cross bill of the heirs and the other purchasers. No part of the costs of this court will be taxed against Chandler. The decree was procured in the interest of the other appellees, and the costs on this appeal will be adjudged against them.

The decree is reversed and the cause remanded.

*Decree reversed.*