FIELDON M. ROBERTS, Admr.

v.

CALTON FLATT et al.

Filed at Springfield November 2, 1892.

1. ADMINISTRATION OF ESTATES — *duty of creditor to file claim in county court within two years.* The statute requires all claims to be exhibited to the county court within two years from the granting of letters of administration, and declares that "all demands not exhibited within two years, as aforesaid, shall be forever barred." Under this statute, although the administrator may be informed of the existence of a claim, and may so state to the court that a certain debt is outstanding, with a view to lay a foundation to institute proceedings to sell land to pay debts, still those facts will not relieve the creditor of the duty of filing his claim in the county court for adjudication, if he wishes to prevent the running of the statute.

2. SAME—*effect of decree of foreclosure on the two years' limitation.* The filing of a bill against the administrator and heirs of a deceased mortgagor to foreclose, and obtaining the usual decree of sale on the failure of the defendants to pay the sum found due within a time fixed, when the decree does not require the administrator to pay any deficiency after the sale of the mortgaged premises, will not take the case out of the two years' Statute of Limitations as to such deficiency, or excuse the failure of the mortgagee to exhibit the note to the county court within two years after grant of letters.

3. A decree for the foreclosure of a mortgage, on bill against the administrator and heirs of a deceased mortgagor, finding the sum due upon the mortgage, and providing that on default of payment by a day named the premises be sold, is to that extent binding on the administrator, but no further.

4. SAME—*foreclosure against estate—decree for deficiency.* Where the statute (chap. 95, sec. 6,) is followed in a proceeding to foreclose a mortgage as against the personal representative of a deceased mortgagor, on bill filed within two years after the grant of letters, and a decree rendered for the amount of the deficiency of the debt left after sale, to be paid by the administrator in due course of administration, such deficiency may be collected from the assets of the estate as other claims of the seventh class.

5. A decree of foreclosure of a mortgage finding the amount due on the mortgaged premises, provided that the administrator of the estate of the deceased mortgagor pay, or cause to be paid, such amount to

the complainant in twenty days, with interest and costs, and that on default of such payment the premises be sold, etc. Sale was made, leaving a balance of $1,489 unpaid, which was reported and approved by the court, but no decree was entered requiring the administrator to pay this amount in due course of administration, or otherwise: *Held*, that the decree could not be regarded as one for the payment of money against the administrator, which would entitle the complainant to share with other creditors in the assets of the estate.

6. SAME—*judgment against administrator in a suit brought within two years.* A judgment or decree obtained in a suit, in any court of competent jurisdiction, against an administrator, which is brought within two years from the grant of letters of administration, is as binding on the estate as if the claim had been presented and allowed in the county court.

7. SAME—*effect of report of administrator to remove the bar of the Statute of Limitations.* Within two years after the grant of letters of administration the administrator presented his report to the county court, showing the amount of claims allowed against the estate, the claims filed and not allowed, and also showing that a creditor had a claim, and its amount, which was approved, but such last named claim was never filed in that court, nor any copy thereof: *Held*, that the action of the administrator and the court was not sufficient to take the claim out of the two years' Statute of Limitations.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Greene county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Messrs. WITHERS & RAINEY, for the appellant:

The claim of Morfoot was presented to the county court and passed upon within two years after the grant of letters. This is shown by the administrator's report of the condition of the estate, and the order of that court requiring the administrator to sell the mortgaged land to pay the same.

The claim of Morfoot was filed in the circuit court in a chancery suit against the administrator and heirs of the estate, within two years from the grant of letters, and is not barred by the statute.

The claims required to be presented by section 60, chapter 3, of the Revised Statutes, for adjustment, are those which

have not been liquidated or established, and upon which it is necessary to hear evidence, and not those reduced to judgment. *Darling* v. *McDonald*, 101 Ill. 378.

Here the claim was liquidated and established in an action against the administrator, and he was ordered to make payment. The circuit court has power to proceed to trial and render judgment against executors and administrators. *Darling* v. *McDonald*, 101 Ill. 379 ; *Wallace* v. *Gatchell*, 106 id. 315 ; *Smith* v. *Caswell*, 65 Texas, 379.

Suits upon claims, independent of the county court, may be instituted against executors, and judgments rendered thereon may be collected from assets of the estate. *Callaghan* v. *Grant*, 66 Texas, 236.

In the case of *Hopper* v. *Ferguson*, 23 Ill. 439, it was decided that as the administrator was *not* a party to the decree he was *not* bound. The converse of this proposition is true. Where he *is* made a party *he is bound* by the decree.

The pretended settlement of the estate by John Long involved nothing in regard to the claim of Daniel Morfoot, and did not affect him in any manner whatever. *Sutherland* v. *Harrison*, 86 Ill, 363.

The administrator could not make settlement of the estate while the chancery suit was pending. *Diversey* v. *Johnson*, 93 Ill. 559.

Morfoot could choose his forum, and was not bound to go first into the county court.

The claim being liquidated and established by the decree, it became a binding claim on the estate. *Greene* v. *Grimshaw*, 11 Ill. 391 ; *Diversey* v. *Johnson*, *supra*.

The administrator was not a necessary party to the bill to foreclose. Story's Eq. Pl. secs. 175, 196 ; *Bissell* v. *Marine Co.* 55 id. 165.

Mr. J. B. Nulton, and Mr. John G. Henderson, for the appellees:

There are two ways of establishing a claim against an estate: First, by presentation in the county court, and having judgment rendered thereon by the county court. (Rev. Stat. chap. 3, secs. 66, 70.) Second, by suit instituted within two years in a court of competent jurisdiction, and prosecution of such suit to judgment. Rev. Stat. chap. 3, sec. 65; *Darling* v. *McDonald*, 101 Ill. 370.

An old statute provided for presentation of claims to the administrator, and such presentation prevented the running of the two years' limitation. (*Wells* v. *Miller*, 45 Ill. 35.) But under the present statute no act of the administrator or of the county court, short of filing claim, can prevent the running of the statute. *Russell* v. *Hubbard*, 59 Ill. 339; *Wallace* v. *Gatchell*, 106 id. 318; *Barbero* v. *Thurman*, 49 id. 284.

A foreclosure proceeding is in the nature of a proceeding *in rem.* Jones on Mortgages, sec. 1711; Wiltsie on Foreclosure, sec. 197; *Russell* v. *Brown*, 41 Ill. 189; *Williams* v. *Ives*, 49 Ill. 516; Black on Judgments, sec. 810.

If a complainant wants a deficiency decree, he must pray for it in his bill. Wiltsie on Foreclosure, secs. 292, 293; Jones on Mortgages, 1475, 1477.

The court, under our statute, has the power, if the prayer in the bill justifies it, to render a contingent decree for deficiency, as part of the foreclosure decree. *Mulvey* v. *Johnson*, 90 Ill. 459; Wiltsie on Foreclosure, sec. 603.

There are at least four different methods by which the mortgagee may collect any deficiency:

First—File his note against the estate. He may then foreclose in equity, and credit the amount realized for the sale on his judgment. *People* v. *Phelps*, 78 Ill. 147; Schouler on Executors, etc. sec. 430; 2 Woerner's Law of Administration, sec. 409.

Second—Foreclose the mortgage, ask and take no decree for deficiency, but file his claim within two years for the balance, and take judgment therefor. *Newkirk* v. *Burson,* 21 Ind. 129; *Rodman* v. *Rodman,* 64 id. 68; *Palmer* v. *Harris,* 100 Ill. 280.

Third—Ask for and obtain a decree in the foreclosure case, for the deficiency, and "that the same be paid in due course of administration." Wiltsie on Foreclosure, sec. 213.

Where the mortgagor, or other party personally liable for the deficiency in a foreclosure case, is dead, his personal representatives may be made parties to the suit, to enable the complainant to obtain a decree "that the deficiency be paid out of the estate in their hands in due course of administration." *Leonard* v. *Morris,* 9 Paige's Ch. 90; *Glacius* v. *Fogel,* 88 N. Y. 440; Wiltsie on Foreclosure, sec. 213.

Fourth—Sue at law upon the claim, and obtain judgment in a court of competent jurisdiction. The amount realized upon foreclosure sale could then be credited on this judgment, and the remainder would stand as a valid claim against the estate.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a petition in the county court of Greene county, brought by F. M. Roberts, administrator of the estate of Aaron Flatt, deceased, for leave to sell real estate to pay the balance of a debt, amounting to $1100, in favor of Daniel Morfoot, which he claims is a subsisting liability against the estate. On a hearing in the county court a decree of sale was rendered in favor of the petitioner, as prayed for in the petition, but on an appeal to the circuit court by the heirs of the deceased the petition was dismissed, and the judgment of the circuit court was affirmed in the Appellate Court.

Upon an examination of the record it appears that on the 6th day of June, 1881, Aaron Flatt was indebted to Daniel Morfoot in the sum of $11,200, and to secure this debt he ex-

ecuted and delivered to Morfoot a mortgage on three hundred and twenty acres of land in Greene county. On the 24th day of May, 1884, Aaron Flatt died intestate, leaving the debt unpaid. On May 31, 1884, John Long was appointed administrator of the estate. On June 26, 1884, the administrator filed an inventory of the property of the deceased in the county court, and the third Monday of August, 1884, was fixed upon as the day upon which creditors should present their claims for allowance in the county court, and due notice given as required by statute. The debt of Daniel Morfoot was never presented in the county court for allowance against the estate of the deceased, and the question presented is, whether the inventoried assets could be resorted to for its payment, or was it barred by section 70 of chapter 3 of the statute, which provides that all demands not exhibited to the county court within two years from the granting of letters of administration shall be forever barred unless the creditor shall find other estate of the deceased not inventoried or accounted for by the administrator or executor. Both the circuit and Appellate courts held that the claim was barred, and upon that ground leave to sell real estate to pay the debt was denied.

It appears from the record that at the January term, 1885, of the county court, John Long, the administrator, presented a report, showing, among other things, the amount of claims allowed against the estate, the claims filed and not allowed, and, in addition, the report contained a statement showing that Daniel Morfoot held a claim outstanding, amounting, principal and interest, to the sum of $13,605.87. The court approved the report, and entered an order directing the administrator to proceed and obtain a decree to sell real estate to pay the claims against the estate, and it is claimed in the argument that this action by the administrator and the court was sufficient to take the claim out of the operation of the Statute of Limitations. We do not concur in this view. In *Wallace* v. *Gatchell*, 106 Ill. 315, the question arose in regard

to what act of the creditor was required in order to arrest the running of the Statute of Limitations, and we there held that the filing of a copy of the claim against an estate with the clerk of the county court within two years after the grant of letters of administration, is an exhibition of such claim to the county court, so as to take the case out of the Limitation law of two years. In that case the creditor did not rely on the fact that the administrator had notice of the claim, but reliance was placed on the action of the creditor himself, which consisted in filing for allowance a copy of the claim in the county court.

There is a marked distinction between the fact that an administrator may learn of the existence of a debt against an estate which may never be presented, and the fact that a creditor appears in court and files a copy of his claim for adjudication. The statute requires all claims to be exhibited to the court within two years from the granting of letters of administration, and then declares, "all demands not exhibited within two years, as aforesaid, shall be forever barred." Under this statute we think it is plain, that although the administrator may be informed of the existence of a claim, and may state to the court that a certain debt is outstanding, with a view to lay a foundation to institute proceedings to sell land to pay debts, still these facts will not relieve the creditor of the duty of filing his claim in the county court for adjustment, if he desires to prevent the running of the statute.

But it is said, the claim of Daniel Morfoot was filed in the circuit court in a chancery suit against John Long, as administrator of said estate, and the heirs of said estate, within two years after the granting of letters of administration to John Long, and is not barred by statute. It appears that Daniel Morfoot filed a bill in the circuit court of Greene county within two years-from the granting of letters of administration against John Long, administrator, and the heirs of Aaron Flatt, deceased, to foreclose the mortgage given to secure his

debt. The cause proceeded to a hearing, and upon the hearing a decree of sale was entered. The decree, after finding the amount due on the mortgage, provided that John Long, administrator of the estate of Aaron Flatt, deceased, pay or cause to be paid to the complainant, within twenty days, the sum of $14,311.10, with lawful interest from the date of the decree; that he also pay the complainant $250 solicitor's fees, and the costs of this cause taxed or to be taxed, and in case such payment is not made by said defendant, or some other defendant, within the said twenty days, that the premises shall be sold by the master in chancery to satisfy the amount due, interest and costs. Under this decree the premises were sold to complainant for $13,500, leaving a balance due of $1489. The master filed a report showing the sale of the mortgaged premises, and also the amount of the deficiency, and the court approved the report, but no judgment or decree was rendered requiring the administrator to pay this amount in due course of administration, or otherwise.

That part of the decree fixing the amount due, and the order in the decree directing John Long to pay within thirty days, and on default that the land be sold, can not be regarded as a judgment or decree for the payment of money against the administrator of the estate, which would entitle the complainant in that decree to share with the other creditors in the assets of the estate. The decree, as held in *Gochenour* v. *Mowry,* 33 Ill. 333, and *Glover* v. *Benjamin,* 73 id. 42, was an alternative one. If the money is not paid by a specified time, then the premises are to be sold. The decree fixed the amount that was a charge upon the mortgaged premises, and on default of payment ordered the mortgaged premises sold. To this extent it was binding on the administrator, but no further.

In suits in equity directing foreclosure of mortgages, the statute provides that a decree may be rendered for any balance found due over and above proceeds of the sale, and that "such decree may be rendered conditionally at the time of

decreeing the foreclosure, or it may be rendered after the sale and the ascertainment of the balance due." (Rev. Stat. chap. 95, sec. 16.) Had this statute been followed, and a decree rendered for the amount of the deficiency, payable by the administrator in due course of administration, as the action was instituted within two years from the grant of letters of administration, the claim would have been one collectible from the assets of the estate first inventoried, as other claims of the seventh class. A judgment obtained in an action, in a court of competent jurisdiction, against an administrator, which was brought within two years from the grant of letters of administration, will be as binding as if the claim had been presented and allowed in the county court. (*Darling* v. *McDonald*, 101 Ill. 370.) But in this case, for some reason unexplained by the record, the complainant in the foreclosure proceeding neither asked nor obtained a judgment against the administrator for the deficiency remaining after the sale of the mortgaged premises. There is nothing, therefore, in the foreclosure proceedings or in the decree or judgment of the court rendered in such proceedings, which can relieve the claim of Daniel Morfoot from the operation of the Statute of Limitations, which was interposed as a defense to the petition.

It appears from the record that in 1890 John Long was, by an order of the county court, removed as administrator, on the ground that he was then a non-resident of the State, and F. M. Roberts, public administrator, was appointed to succeed him, and in the argument of counsel reliance is placed on this proceeding in the county court to legalize the claim of Morfoot. No attempt was made in this proceeding to allow the claim against the estate, and there is nothing in the order or judgment of the county court which has any bearing on the question involved.

We think the judgment of the Appellate Court was correct, and it will be affirmed.

*Judgment affirmed.*