## Henry S. Clark v. Jacob Y. Wallick, Rebecca J. Wallick, Francis M. Wright, A. J. Shepley and Simeon H. Busey.

1. CONVEYANCES OF REAL PROPERTY—*Sufficiency of Description.*— A description of premises in a mortgage, aided by that in a deed referred to in the mortgage for greater certainty, even if defective, sufficiently de-

scribes the premises to put all persons upon inquiry and to charge them with notice.

2. SAME—*By Mortgagor of Mortgaged Premises.*—Where a mortgagor conveys a part of the mortgaged premises, retaining the remainder, as between himself and his grantee, the portion retained by him is to be first applied to the payment of the mortgage.

3. MARSHALING OF ASSETS—*No Injustice to be Done.*—The doctrine of marshaling assets in equity and the rule that that portion of mortgaged premises retained by a grantor shall be first applied to the payment of the mortgage debt, are subject to the qualification that no injustice is done to others.

**Memorandum.**—In equity. In the Circuit Court of Champaign County; the Hon. EDWARD P. VAIL, Judge, presiding. Bill to foreclose a mortgage; hearing and decree upon master's report; error by complainant. Heard in this court at the May term, 1894. Affirmed in part and reversed in part. Opinion filed November 20, 1894.

CUNNINGHAM & BOGGS, attorneys for plaintiff in error.

JOHN J. REA, attorney for Jacob Y. Wallick, Francis M. Wright, and A. J. Shipley.

J. L. RAY, attorney for Rebecca J. Wallick, defendant in error.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The plaintiff in error by this writ brings before us for review a decree in chancery rendered upon a bill exhibited by him to foreclose a real estate mortgage executed by Jacob Y. Wallick and Rebecca, his wife, to one W. G. McMains, to secure certain notes assigned by McMains to the plaintiff in error.

It appeared from the evidence that Jacob Y. Wallick, in 1885, owned a tract or parcel of land in Sec. 8, T. 19, R. 9, in Champaign Co., Ill., and that on the 18th day of November of that year, he mortgaged to Francis M. Wright as much of the tract as was situated *east* of a line running north and south through the center of said section, to secure certain notes given to Wright. Afterward, on the 3d day of April, 1886, Wallick sold and conveyed an undivided half

of the entire tract to W. G. McMains, who, to secure a por-
tion of the purchase money, gave to Wallick four notes of
$500 each, and executed a mortgage upon such undivided
half of the lands to secure them. Wallick assigned these
notes and the mortgage to the defendant in error Shepley.
On the same 5th day of April, 1846, Wallick and McMains
executed a mortgage to Simeon H. Busey, defendant in error,
upon all the lands situate *west* of the line running north
and south through the center of the section, to secure a note
of $500 executed by them and payable to Busey. On the
7th day of February, 1887, McMains sold and reconveyed
his undivided half interest to Jacob Y. Wallick, who secured
certain notes given by him to McMains for the unpaid pur-
chase price thereof by a mortgage upon the interest so pur-
chased. These notes McMains assigned, before their matu-
rity, to Clark, the plaintiff in error, who instituted this, a
proceeding in chancery, to foreclose the mortgage, which
resulted in the decree now sought to be reversed. After
the execution of these instruments Wallick conveyed an
undivided half of the entire premises to his wife, Rebecca
J. Wallick, who subsequently reconveyed to him, upon the
execution by him of notes payable to her in the sum of
$2,000, to secure which he executed a mortgage upon an un-
divided one-half of the entire premises. Wright and Mrs.
Wallick entered into an agreement affecting the priority of
heir claims which does not demand attention. It is first
turged that the description of the premises in the mortgage
given by McMains to Wallick, now owned by the defendant in
error Shepley, is so defective and insufficient that its record
did not operate to charge the plaintiff in error, Clark, with
notice thereof. The Circuit Court held that the description
in the mortgage, aided by that in a certain deed referred to
in the mortgage for greater certainty of description, suffi-
ciently described the premises to put plaintiff in error upon
inquiry and to charge him with notice. We are inclined to
agree with this holding. The decree of the Circuit Court
awarded foreclosure of all the mortgages, directed sale of
the premises and distribution of the proceeds by the master.
The principal ground of complaint questions the correctness

of the distribution ordered to be made of the proceeds. The decree declared that the mortgage liens of Clark and Shepley attached upon one and the same undivided half of the premises, and the mortgage lien of Mrs. Wallick upon the other undivided half, and ordered that the premises described in the mortgage to Wright and those described in the mortgage to Busey should be sold separately. No valid ground of objection is perceived in the decree in respect of these matters.

The decree ordered the master to apply the proceeds of sale of the lands described in the mortgage to Wright to the discharge of the debts to Wright. This operated to make each undivided interest in such lands contribute ratably to the payment of the indebtedness to Wright. In this we think error occurred.

The mortgage to Wright was executed by Jacob Y. Wallick when he was sole owner of all the lands described therein. Afterward he sold an undivided one-half interest to McMains and retained the other undivided half thereof.

Where a mortgagor conveys a part or moiety of the mortgaged premises, retaining the other moiety as between himself and his grantee, that portion retained by the mortgagor is to be first applied to the payment of the mortgage. The rule rests upon the plain and just ground that the grantor's own property should be first applied to his own debt. Oglehart v. Wessner, 42 Ill. 261; Moore v. Chandler et al., 59 Ill. 466; 14 Am. and Eng. Ency. of Law, 701–7–11.

McMain became vested with title to the one-half interest of the lands mortgaged to Wright protected by this equitable rule.

The enforcement of the rule required that the undivided half retained by Wallick should be first applied to the payment of the mortgage debt to Wright, leaving the interest owned by McMains only secondarily liable thereto, and free therefrom to the extent that the proceeds of the sale of the interest retained by Wallick should avail to pay the debt due to Wright.

The title of McMains so protected by this equitable doctrine would pass with all the beneficial effect of the doctrine to any grantee or mortgagee of McMains. It so passed to Wallick in aid of the indebtedness secured by the mortgage that McMains executed to him. Its enforcement was important to McMains for the reason that, in the event of his failure to pay his notes given to Wallick, it would operate to secure the application of the interest in the land retained by Wallick to the payment of the Wright debt before any portion of the interest applicable to the payment of his notes could be taken in discharge of the debt to Wright. When Wallick assigned to Shepley the notes and mortgage given him by McMains, Shepley, as well as McMains, became interested in the enforcement of the doctrine of equity, and both had the right to demand its enforcement. McMains sold and re-conveyed his interest to Jacob Y. Wallick, who, to secure an unpaid portion of the purchase money, executed his notes, and to secure them, executed to McMains a mortgage on the property for the purchase price, for which the notes were given.

The beneficial effects of the doctrine or rule of equity referred to attached to the lien created by this mortgage in aid of the notes intended to be secured, and the plaintiff in error, to whom McMains assigned those notes, became invested by the assignment with all the rights of his assignor therein.

Therefore the decree should have ordered the master to divide the sum realized by the sale of premises mortgaged to Wright into two equal parts or funds, one of which should have been declared to be primarily and the other secondarily applicable to the payment of the amount of the indebtedness under the mortgage to Wright, and the decree should have directed the master to apply the primary part, or so much thereof as was necessary, to the payment of that indebtedness, and if such part proved insufficient to fully discharge such indebtedness, then the decree should have directed the master to appropriate the other part of such proceeds, as far as necessary, to the full discharge of the

Wright debt. But such part of the proceeds as was only secondarily liable should have been required to contribute to the payment of the Wright debt only in the event and to the extent that the primary fund was proved insufficient to satisfy it.

The secondary fund, or as much of it as was not so needed to complete the payment of the debt secured to Wright, should have been ordered paid upon the indebtedness secured by the mortgages held by Shepley and by the plaintiff in error according to the priorities of these liens. The decree should, of course, control the fund applicable to the payment of the notes given to Wright, and direct it to be applied by the master in accordance with the agreement between Wright and Mrs. Wallick, as established and declared by the decree.

No valid objection is perceived to the decree so far as it directs the application of the fund arising from the sale of the lands mortgaged to Busey. This mortgage was executed by Wallick and McMains when each of them owned an undivided one-half of the premises described in the mortgage.

Hence, each undivided half was equally bound and should contribute ratably to the payment of the debt to Busey.

The doctrine of marshaling assets in equity and the rule that the portion of mortgaged premises retained by a grantor shall be first applied to the payment of the mortgage debt, are subject, as is suggested by counsel, to the qualification that no injustice is done to others.

No injustice is here done to Wright, who is directed to be paid in full at all events, nor to Jacob Y. or Rebecca Wallick, for they were parties to the mortgage given to Wright, and to the subsequent conveyance of a portion of the mortgaged premises to McMains, and neither have just cause to object to the operation of the rule of equity in question. Indeed, the equities of the cause demand its enforcement as to them. No other persons are injuriously affected.

The decree, in so far as it directs the application of the proceeds arising from the sale of the lands described in the

mortgage given to Wright, is reversed and the cause remanded, with directions to the Circuit Court to enter a decree ordering the master to apply such proceeds in accordance with the rule announced in this opinion. Otherwise the decree is affirmed.

Affirmed in part and reversed and remanded in part with directions.