## Jennie Welfley, Defendant in Error, v. J. E. Babb et al., Plaintiffs in Error.

1. MORTGAGES—*decree of foreclosure pro confesso.* Where the
defendants in foreclosure proceedings were duly served and were de-
faulted and it was ordered that the cause be taken as confessed against
them and the cause referred to a master to take the proof and compute
the amount, the sufficiency of the evidence to sustain the decree cannot
be questioned on appeal.

2. MORTGAGES—*personal judgment for deficit.* Where the bill for
foreclosure, which is supported by the evidence, is sufficient to warrant
the decree of foreclosure and sale, it is the court's duty, when a deficit
is shown, to render personal judgments against defendants who as-
sumed and agreed to pay the mortgage debt.

Error to the Circuit Court of Christian county; the HON. THOMAS
M. JETT, Judge, presiding. Heard in this court at the October term,
1912. Affirmed. Opinion filed April 18, 1913.

WILLIAM H. CRAIG, THOMAS M. HEADEN and WALTER
C. HEADEN, for plaintiff in error, J. E. Babb.

McMILLEN & McMILLEN, for defendant in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a writ of error sued out of this court, by plaintiff in error, to bring into review in this court the decree of foreclosure, sale and deficit entered in the circuit court of Christian county.

The record discloses that the defendant in error filed her bill of foreclosure in the said Christian county circuit court to the November term, 1911, and that due service was had upon the plaintiff in error and all the other defendants.

The bill is the usual and ordinary bill for foreclosure of a mortgage, except that it alleges that the mortgage provides that if default be made in the payment of the principal note, or any part thereof, or the interest thereon, or any part thereof, at the time and in the manner provided therein for the payment thereof, that in such case the whole of said principal sum and the interest secured by the said mortgage, shall thereupon, at the option of the mortgagee, immediately become due and payable, and the said mortgage may be foreclosed immediately to pay same. And the bill further alleges that the interest for one year, on said promissory note, became due and payable on the 11th day of September, 1911, and that the same has not been paid or any part thereof. The bill further sets forth that Catherine E. Miller, J. E. Babb and William A. Wallace each received deeds to said premises so secured by said mortgage, after the making and delivery and recording of same, and that each of them received their respective deeds as grantees, subject to the said mortgage, and that each of them, by said deeds, assumed and agreed to pay said mortgage. The bill then alleged that by reason of the failure to pay the said interest when due the whole of said debt became due and the said mortgaged property became forfeited, etc.

These allegations are practically contained in the copy of the mortgage filed with the bill.

The bill concludes, after a minute description of the nature and character of the debt and of the trans-. fers by the several owners of the land after the execution and recording of the mortgage, with the usual and formal prayer for foreclosure and sale.

On December 15, 1911, all defendants were severally called and defaulted, and it was ordered by the court that the cause be taken as confessed against each of the said defendants, including the plaintiff in error. The court then ordered the cause to be referred to the master in chancery to take the proofs and compute the amount due, and the master, after taking the proof, found there was due to the complainant the sum of $2,688.35, and that Catherine E. Miller, J. E. Babb, plaintiff in error, and William A. Wallace, grantees as foresaid, had assumed and agreed to pay said mortgage debt. The report of the master was approved by the court, and a decree was entered for $2,688.35 as due to the complainant, and ordered to be paid within ten days, with lawful interest, together with one hundred dollars solicitor's fees to be taxed as costs, as provided in said mortgage; and provided that if default be made in such payment that the master sell, etc.

On January 24, 1912, the master made sale of the premises, after legal notice, and said report was duly approved on February 3, 1912, being one of the judicial days of the February term of said court. The report of sale showed that the mortgaged premises were sold for $1,200, and that a deficit of $1,671.55 remained due the complainant, after exhausting the security mentioned in the mortgage and decree; and, thereupon, judgment was entered by the court in favor of the complainant, and against Catherine E. Miller, J. E. Babb, plaintiff in error, and William A. Wallace, and each of them, personally, for said sum.

Objection is made that the evidence presented upon the hearing of this cause is not sufficient to support the decree.

We cannot agree with this contention of counsel. "Where the bill is taken for confessed, the sufficiency of the evidence admitted to sustain the decree cannot be considered in this court. In such case a decree may be rendered without any evidence, and the only inquiry admissible on error is as to the sufficiency of the allegations of the bill." *Hannas* v. *Hannas,* 110 Ill. 53, and cases there cited.

While there was proof taken, sufficiently in our judgment to warrant a decree, it would seem that the decree would have been valid and binding had it been taken *pro confesso* in this case.

It is further contended by plaintiff in error that the record fails to show that the defendant in error declared a forfeiture, or elected to exercise her option to declare the whole of the debt due because of the failure to pay the interest which was past due.

Under our view the allegations of the bill herein were sufficient in this respect, and also sufficient to warrant the court in rendering the decree against the plaintiff in error and the other defendants below; and when a deficit was shown, it became the duty of the court to render personal judgments against the plaintiff in error and his codefendants who had assumed and agreed to pay the mortgage debt.

We fail to find any reversible error in the record, and the decree is, therefore, affirmed.

*Affirmed.*