In re Estate of Henry A. Duffield, Deceased.
Appeal of Anna R. Riddle and O. A. Smith, Conservator of Joseph H. Duffield.

Gen. No. 8,173.

Heard in this court at the February term, 1930. Opinion filed May 29, 1930.

IRA J. COVEY and EDWIN L. COVEY, for appellant O. A. Smith. GEORGE B. SUCHER, for appellant Anna R. Riddle.

ROBERT N. McCORMICK, for appellee; JOSEPH W. MAPLE, of counsel.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

Appellants prosecute this appeal to reverse the judgment of the circuit court of Peoria county, approving the final report of Henry L. Duffield, administrator of the estate of Henry A. Duffield, deceased, and overruling the objections of appellants thereto.

The principal ground urged in this court for a reversal of said judgment is that the court erred in failing to hold that the purported claim of appellant for $3,907.01 had been allowed by the probate court and in failing to order its payment by said administrator in so far as the funds in his hands, as shown by said report, would extend. It is not claimed by appellants that they filed said claim as provided by statute, but that, in a decree to sell real estate to pay debts their claim was in effect adjudicated and entitled to payment.

Henry A. Duffield died intestate in said county on March 16, 1926, leaving him surviving appellants Anna R. Riddle and Joseph H. Duffield, his children and only heirs. Appellee, a nephew, was appointed administrator, and filed an inventory of the real and personal estate of said deceased.

On June 14, a petition was filed by said administrator setting forth that the personal estate of said deceased amounted to $359, that claims had been allowed for $622.11; "that the just claims to be presented and allowed would probably amount to the sum of $7,000; that said deceased died seised in fee of 74¼ acres of real estate in said county; that on February 26, 1906, said deceased obtained a decree of divorce against his then wife, Ruhamah Duffield, and that in a property settlement he executed a mortgage on some 15 acres of said premises, securing ten promissory notes of that date, payable to the order of said Ruhamah Duffield and her children, in installments of $50 every three months; "that your petitioner is informed and believes that unless all of said notes were paid by said deceased in his life-time, that he has made no payments on any of them within ten years next preceding the date of his death, nor extended the time of payment thereof." Said petition prayed "that it be ordered and adjudged by said court that the benefits and advantage of the statute of limitations . . . be allowed in behalf of said estate and that . . . in the event of the sale of said premises, it be sold free and clear of said mortgage lien."

Said petition further set forth that on January 8, 1926, the deceased executed a trust deed on all of said inventoried real estate, securing the sum of $5,200, due March 1, 1931. Said petition averred the mental incapacity of Joseph H. Duffield.

On July 7, 1926, a decree was entered, finding that appellant Joseph H. Duffield, Ruhamah Duffield, as Ruhamah Novack, and William S. Prettyman, trustee,

had been served with summons; that appellant Anna R. Riddle and certain other parties had entered their appearance, "consenting that default may be taken against them and that this cause may proceed to an immediate hearing"; that the guardian *ad litem* appointed for appellant Joseph H. Duffield, had filed an answer neither admitting or denying the allegations of said petition, but demanding strict proof; that an answer had been filed on behalf of William S. Prettyman, trustee and the holders of the notes secured by the trust deed for $5,200. Appellant, Anna R. Riddle and Ruhamah Novack were defaulted, and a decree *pro confesso* was entered against them.

Said decree among other things found that "the nature and extent of all liens upon said real estate . . . are as follows: A certain mortgage deed, duly executed and delivered February 26, 1906, by said deceased in his lifetime to said defendant Ruhamah Novack and her children, viz., Joseph H. Duffield and Anna R. Riddle, to secure the payment of $2,000, on a part of the described premises"; that the said Ruhamah Novack assigned all her interest in said mortgage on September 18, 1915, to appellants Joseph H. Duffield and Anna R. Riddle. Said decree ordered said premises sold subject to said trust deed of $5,200, but made no reference to the mortgage of $2,000.

The premises were sold, pursuant to said decree for $2,967.50. A report of such sale was filed in the county court on August 9, 1926.

On May 26, 1927, administrator filed his final report, to which appellants filed 25 objections. Certain of these objections were sustained. The administrator recast his account and filed an amended report, to which six objections were filed, designated as 10, 11, 13, 15, 16 and 17. Said objections were overruled, the report was approved and appellants appealed to the circuit court. On the hearing in the circuit court,

said objections were overruled and the report was approved.

It is urged here that the circuit court erred in overruling objections 10, 11, 13 and 15, which are as follows:

"Ten. For that these heirs heretofore and now have and hold a joint valid, pre-existing first lien now in full force and effect as joint prior mortgagees, which said lien is now a preferred and prior lien against the entire assets of said estate for the sum of $3,907.01. That by reason thereof these heirs-at-law are, of legal right, entitled to be first paid the amount of their said preferred lien out of the assets of said estate, and that regardless of any other of the claims against said estate.

"Eleven. For that the rights and interests of these objectors have not, as yet, been determined under the proceedings now on file and yet unheard, still pending and undetermined in said above entitled cause, and a Final Report is not, as yet, proper in said estate.

"Thirteen. For that the interests of these objectors have not, as yet, been duly protected before and by this Court in the matters now in question.

"Fifteen. For that these heirs-at-law and objectors are the joint and absolute owners of a certain real estate mortgage that is a first and prior lien, still in full force and effect and due and unpaid, on and against the premises attempted to be sold to pay debts in said above entitled cause, and that the Administrator of said estate has heretofore wrongfully alleged that said mortgage is barred by the Statute of Limitations, when, in fact, the said Statute has not, in law, run against said mortgage or the debt secured thereby or any part thereof, but, on the contrary, that said mortgage and debt is now due and unpaid and undischarged and is now in full force and effect and a valid, subsisting, prior lien against and upon the premises in question in said above entitled cause."

Counsel for appellants seek to have us review and pass upon the proceedings in the county court, beginning with the filing of the petition to sell real estate to pay debts. On objections to the final report of an administrator, the circuit court has jurisdiction to hear and determine only such matters as arise directly on that appeal. *Curts v. Brooks,* 71 Ill. 125–128; *Morgan v. Morgan,* 83 Ill. 196–197; *Millard v. Harris,* 119 Ill. 185–191; *Whittemore v. Coleman,* 239 Ill. 450–452; *Peterman v. U. S. Rubber Co.,* 221 Ill. 581–587; *Allen v. Allen,* 222 Ill. App. 438–442.

If appellants were dissatisfied with the decree ordering the sale of real estate to pay debts, they could have appealed. Such appeal, however, is to the Appellate Court unless a freehold is involved and, if a freehold is involved, then to the Supreme Court. *Lynn v. Lynn,* 160 Ill. 307–313; *Roberson v. Tippie,* 215 Ill. 119–120; *Wachsmuth v. Pennsylvania Mut. Life Ins. Co.,* 231 Ill. 29–31; *Atherton v. Hughes,* 239 Ill. 632–633; *Sifford v. Cutler,* 244 Ill. 234–235; *Swayer v Wiemers,* 182 Ill. App. 651–653.

While counsel concede that appellants' claim was not filed and allowed in the manner provided by statute, they contend that this omission was cured by reason of the fact that appellee, in his petition to sell real estate to pay debts, set forth the execution of said notes and mortgage under which appellants claim, averring that they were barred by the statute of limitations, and praying the court to so adjudicate the same.

Even if it be conceded that said court determined that said mortgage indebtedness was a lien on said premises it would not obviate the necessity of probating said claim in order to make it payable out of the funds in the hands of appellee as such administrator.

Clause 6 of paragraph 71 of chapter 3, Cahill's Statutes, among other things provides:

"All other debts and demands of whatever kind, without regard to quality or dignity, which shall be exhibited to the court within one year from the granting of letters as aforesaid, and all demands not exhibited within one year as aforesaid, shall be forever barred, unless the creditors shall find other estate of the deceased, not inventoried or accounted for."

This statute has been uniformly held to require that claimants must, in order to participate in the distribution of the assets of an estate, present their claims, for the purpose of having them allowed. Failing to do so, they can only have their claims satisfied out of property not inventoried. *Roberts v. Flatt,* 142 Ill. 485–490; *Waughop v. Bartlett,* 165 Ill. 124–131; *Strauss v. Phillips,* 189 Ill. 9–23; *Morse v. Pacific Ry. Co.,* 191 Ill. 356–361. *Beebe v. Kilpatrick,* 321 Ill. 612–617.

In *Roberts v. Flatt, supra,* the court at page 491 says:

"The statute requires all claims to be exhibited to the court within two years from the granting of letters of administration, and then declares: 'All demands not exhibited within two years, as aforesaid, shall be forever barred.' Under this statute, we think it is plain, that although the administrator may be informed of the existence of a claim, and may state to the court that a certain debt is outstanding, with a view to lay a foundation to institute a proceeding to sell real estate to pay debts, still these facts will not relieve the creditor of the duty to file his claim in the county court for adjustment, if he desires to prevent the running of the statute."

In *Morse v. Pacific Ry. Co., supra,* the court at page 361 says: . . . "The knowledge of the executors that there was a claim made by creditors of the Pacific Railway Company would not take the case out of the

statute, which requires the claim to be exhibited in a court. It is the duty of the claimant to institute a proper proceeding upon his claim, and the fact that the executors know that a claim is made which is not exhibited in court makes no difference." Citing *Roberts v. Flatt, supra.*

The law further is that an administrator is required to protect the estate he represents from the allowance of unwarranted claims, and in this connection it is his duty to insist on the bar of the statute of limitations when that bar is available. See 241 Ill. App. 452–453.

In addition to the authorities above cited, the Supreme Court, in *Moore v. Chandler,* 59 Ill. 466, in a case where a mortgagee of real estate owned by the deceased at the time of his death, sought, without probating his claim, to reach certain assets in the hands of the administrator, at page 468 says:

"After payment in full of all claims allowed against the estate, there still remained in the hands of the administrator a surplus fund, arising principally from the sale of the land to appellant, which he insists should be applied to the payment of the mortgage. It is not perceived how this can be done. The Chandler debt was never allowed as a claim against the estate, and two years from the granting of letters having elapsed, it is now too late. The estate is therefore discharged from the payment of the debt, and Chandler can only enforce his claim against the mortgaged premises."

Under the foregoing authorities, we hold that the claim of appellants was not presented or allowed within the time specified in the statute.

The second ground urged is that the finding of the probate court that said mortgage was a lien on the premises, was *res adjudicata* as to the claim of appellants. What we have already said sufficiently disposes of this contention. The decree, however, simply recites that there was such a mortgage lien on said premises,

without an adjudication of the amount owing, if any, to appellants on said claim.

The third contention is that the real estate was sold subject to said mortgage. If appellants are correct in this contention (which is not before us for determination), not having filed and had allowed their claim in the probate court, so far as the interest of appellant Anna R. Riddle is concerned, she must look alone to said mortgage security. *Moore v. Chandler, supra; Waughop v. Bartlett, supra,* 131.

It is next insisted that "the appellants are entitled to have allowed an unsecured claim for the amount due them." In this connection it is said that "in filing their objections that they were entitled to a lien on the funds in the hands of the administrator, in effect sets up that they were entitled to their distributive share with the other creditors out of the funds in the hands of the administrator."

What we have already said with reference to the failure of appellants to probate and have allowed their claim sufficiently answers this contention.

It is next insisted that, inasmuch as appellant Joseph H. Duffield is a feeble-minded person, and was so from his birth, and at the time of the execution of said mortgage by said deceased, that the statute of limitations did not run against him, and if not as to him, that it would not run against appellant Anna R. Riddle. In view of what we have already said, this question is not before us for determination. That question can only arise in a proceeding to which the purchaser of said premises is a party.

It is next insisted that "the court excluded proper evidence offered by the claimants." At a term subsequent to the entry of the decree for the sale of real estate to pay debts, appellants made a motion to set aside the default against Anna R. Riddle and for leave to file an answer *instanter* to the petition to sell real estate to pay debts. This motion was overruled. The evidence which it is contended the court erroneously

refused to consider was an affidavit filed by appellant Anna R. Riddle in support of said motion. There was no error in this ruling. As heretofore stated, the appeal for a review of the rulings of the probate court on the petition to sell real estate to pay debts, was not to the circuit court.

So far as appellant Anna R. Riddle is concerned, not having filed her claim in the probate court within the time provided by law, she is barred from any right or interest in the funds in the hands of said administrator. However, the rights of appellant Joseph H. Duffield are not so foreclosed. Clause 6 of paragraph 71 of chapter 3 of the statute above referred to provides among other things that "infants, persons of unsound mind . . . shall have the term of one year after their respective disabilities are removed, to exhibit their claims."

Under the provision of said statute, Joseph H. Duffield, through his conservator, has the right to file in the probate court a claim for his interest in said notes and mortgage, and have the same adjudicated, and whatever amount, if any, is found to be owing him, to have the same paid along with other probated claims of the same class, out of the funds in the hands of said administrator.

It therefore follows that the judgment of the circuit court should be affirmed, not, however, as barring the claim of appellant Joseph H. Duffield, provided the same is filed, adjudicated and allowed in the court and pursuant to the method provided by statute. If so adjudicated, and the finding and judgment thereon be in favor of said claim, then it would be classified and paid out of the funds in the hands of appellee as such administrator, along with the other claims of the same class.

For the reasons above set forth, the judgment of the circuit court will be affirmed.

*Judgment affirmed.*