Dennis Clifford, Appellant, v. Nettie Levin et al., Appellees.

**Gen. No. 38,199.**

Opinion filed November 12, 1935.

JOHN LAUX, of Chicago, for appellant.

PHILIP P. SACHS and ARTHUR R. SEELIG, both of Chicago, for certain appellees.

MR. JUSTICE MATCHETT delivered the opinion of the court.

September 20, 1930, complainant Clifford filed in the superior court of Cook county his bill to foreclose a trust deed executed by Ben A. Levin April 10, 1929, to secure an indebtedness due from Levin to Clifford for the balance of the purchase price of the premises conveyed. The bill alleged that because of defaults as stated therein, complainant had elected to declare the whole indebtedness due and payable, as the trust deed provided he might. The summons issued and was served on Levin April 23, 1931, and May 5, 1931, Levin entered his appearance and on the 26th answered.

October 16, 1931, complainant by leave filed his amended and supplemental bill, which averred that Levin had departed this life testate on June 5, 1931; that defendants West Side Trust & Savings Bank, Joseph H. Levin and Morris H. Levin, were co-executors and trustees under the will of Ben A. Levin and were acting as such. The amended and supplemental bill made the executors and trustees, with others, parties defendant and prayed that defendants might be decreed to pay the sum found due and that a sale and foreclosure might be had in case of nonpayment.

November 28, 1931, defendant executors filed an answer, neither admitting nor denying the averments of the amended bill, but denying that complainant was entitled to the relief prayed. The guardian *ad litem* appointed for certain defendants filed an answer in their behalf. The cause was put at issue and referred to a master, who filed his report February 10, 1933, finding the equities with complainant and that the sum

of $14,074.06 was due. The report recommended a decree of foreclosure as prayed, which decree was accordingly entered May 24th. It directed that upon default of payment of the amount found due, the master should report any deficiency; that the court retain jurisdiction for the purpose, if desired, of appointing a receiver during the period of redemption, and that the court reserve the right to determine which "if any or either of the defendants herein shall be liable" in case of deficiency.

October 17, 1933, the master filed his report of sale and distribution disclosing a deficiency of $3,969.43. The report recommended that a deficiency decree be entered but did not name the defendants supposed to be liable. The executors and trustees objected to this report, questioning the right of complainant to a deficiency judgment against them. The court heard the evidence and February 15, 1935, complainant made a motion that a decree for the deficiency should be entered against the executors and trustees, the judgment to be paid in the course of administration out of the assets of the estate. The court heard evidence on the motion and denied it. Complainant has perfected this appeal, contending the court erred in denying the motion.

The question to be decided involves the construction of a portion of section 70 of the Administration Act (Ill. State Bar Stats. 1935, ch. 3, ¶ 71) which provides:

"All claims and demands of whatever class not exhibited to the court within one year from the granting of letters as aforesaid shall be forever barred as to property and estate of the deceased which has been inventoried or accounted for by the executor or administrator."

Upon the hearing of the motion it was made to appear that Levin died testate June 5, 1931, as already stated; that letters testamentary to the executors and

trustees were issued June 29, 1931; that heirship was proved July 3, 1931, and the estate adjudicated September 7, 1931; that an inventory was filed in the probate court and approved June 27, 1932, and the final report of the executors filed December 12, 1932; that an order was entered approving the acts and doings of the executors, and it appearing that distribution of the estate had been made by them, the executors were discharged.

Complainant never filed a claim in the probate court and the executors, as they aver, never had notice that any claim would be made against the estate for any deficiency until the presentation of the master's report to the chancellor. The contention of defendants is that complainant did not exhibit his claim against the estate within the time limited by statute, and that the claim was therefore barred by the provisions thereof. Complainant contends, on the other hand, that the joinder of defendants as parties to the foreclosure suit in the superior court was a sufficient exhibition of his claim; that the general prayer for relief gave sufficient basis to support a deficiency decree, and that the entry of such decree against defendants was under these circumstances mandatory. Both parties cite *Roberts v. Flatt,* 142 Ill. 485. In that case Morfoot, the holder of notes and mortgage, given by the deceased, within the time limited by the statute for presentation of claims in the probate court, filed his bill to foreclose and obtained a decree under which the premises were sold, and there was a deficiency of $1,489, as shown by the report of sale. No judgment was taken against the executors. After the expiration of the time limited, the administrator filed his petition to sell the real estate to pay this indebtedness. He had within the time limited filed a report in which he stated the mortgage indebtedness constituted an outstanding claim against the estate. Upon objection by the heirs his petition was dismissed, and the judgment was affirmed by the

Appellate and Supreme Courts. The opinion of the Supreme Court stated that there was a marked distinction between knowledge of an administrator of the existence of a claim which might never be presented and the actual presentation of a claim, and that the decree of foreclosure was not to be regarded as ''a judgment or decree for the payment of money against the administrator of the estate, which would entitle complainant in that decree to share with the other creditors in the assets of the estate.'' The case seems to support defendants' rather than complainant's theory.

We have no doubt that the prayer for general relief in the amended and supplemental bill was in that respect sufficient to authorize the entry of a deficiency decree, if the facts averred in the bill had been sufficient (*Walker v. Converse*, 148 Ill. 622; *Wrlla v. Wrlla*, 342 Ill. 31) and that upon a proper showing as to the pleadings and facts, the entrance of such decree is mandatory. (*Townsend v. Wilson*, 155 Ill. App. 303; *Welfley v. Babb*, 181 Ill. App. 54; *Metz v. Dionne*, 250 Ill. App. 369.) However, the controlling question here is not whether the prayer was sufficient, nor the deficiency decree mandatory upon a proper showing, but whether the pleadings in fact disclosed a sufficient exhibition of the claim within the time limited. In the determination of that question it is important to remember that a suit for foreclosure is essentially and fundamentally a proceeding *in rem* against the property. *Karnes v. Harper*, 48 Ill. 527; *Mulvey v. Johnson*, 90 Ill. 457; *Kirby v. Runals*, 140 Ill. 289; *Kittredge v. Nicholes*, 162 Ill. 410; *Hughes v. Hoerich*, 259 Ill. App. 158.

A careful reading of the pleadings fails to disclose allegations of fact from which these defendants should have been apprised that complainant was making a claim or intended to make a claim against the assets of

the estate, other than those upon which the trust deed was a lien. The circuit or superior court, without doubt, has jurisdiction in appropriate cases to render judgments in actions brought against executors of an estate. The cases of *Roberts v. Flatt,* 142 Ill. 485; *Howard v. Swift,* 356 Ill. 80, so hold. The question here is not one of the jurisdiction of the court but of the sufficiency of the pleadings to exhibit the claim in such manner as to bar the limitation of the statute. Keeping in mind the essential nature of the proceedings as one *in rem,* as well as the fundamental nature of the only personal judgment which could have been rendered properly against the executors, namely, one to pay out of the assets of the estate in due course of administration, there is not a line in the pleadings prior to the expiration of a year from the date of the issue of letters to these executors and trustees which would inform them of the claim complainant now makes against the estate. The court heard the evidence and was of the opinion that under such circumstances the motion for a deficiency decree against defendants to be paid in the due course of administration ought not to be granted.

For the reasons indicated, we are of the opinion that the ruling of the court denying the motion of complainant was right, and it is therefore affirmed.

*Affirmed.*

McSURELY, P. J., and O'CONNOR, J., concur.