HENRY T. GODDARD *et al.* Appellees, *vs.* BERTIE A. LANDES, Appellant.

*Opinion filed June 20, 1911.*

HOMESTEAD—*the rule where heirs seek to compel vacation of homestead property worth more than $1000.* Where heirs or devisees seek to compel the surviving husband or wife to vacate homestead property which is indivisible and which exceeds $1000 in value, a court of equity should require them to pay $1000 to the person entitled to the homestead estate. (*Powell* v. *Powell,* 247 Ill. 432, followed.)

FARMER, J., dissenting.

APPEAL from the Circuit Court of Wabash county; the Hon. E. E. NEWLIN, Judge, presiding.

H. M. PHIPPS, GEORGE B. GILLESPIE, and A. M. FITZGERALD, for appellant.

E. B. GREEN, P. J. KOLB, and GEORGE P. RAMSEY, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The trustees under the last will and testament of Silas Z. Landes, and the heirs of testator, filed a bill in the circuit court of Wabash county against Bertie Landes, the surviving widow of testator, for the purpose of having the homestead of the widow set off and assigned to her, with an alternative prayer that in case the homestead premises were of greater value than $1000 and so situated that the

homestead could not be assigned to her the cash value of the homestead interest be ascertained, and that the trustees under the will be authorized to pay the widow the value of her homestead estate, and that thereupon she be required to vacate and surrender possession to the persons entitled to the property under the will. The bill contains an averment that prior to the marriage of the testator and the defendant an ante-nuptial contract was entered into between the parties by which all property rights of the widow in the testator's estate were settled, except her statutory right to a homestead. The bill alleges that prior to the commencement of the suit the trustees tendered the widow $450 for her homestead, which she refused to accept. The widow filed an answer to the bill, in which she denied all of the allegations, except the death of the testator. The case was heard upon the bill, answer and proofs, in open court, and a decree was rendered finding that the bill was true and appointing commissioners to assign the widow's homestead. The commissioners reported that they had examined the premises and found the same not susceptible of division, and valued the premises located on in-lot No. 491, in the city of Mount Carmel, at $15,000. This report was approved by the court. The age of the widow was found to be fifty-four years and the value of her homestead was fixed at $598.79, which was directed to be paid to her by the trustees, and the decree directed the widow to surrender possession of the homestead within fifty days from the date of the decree. The widow excepted to the decree of the court and has perfected an appeal therefrom to this court.

The sole question involved in the case below, and the only one open for consideration in this court, is the amount that should be paid to the widow for her homestead estate. The precise question here involved was recently before this court in the case of *Powell* v. *Powell*, 247 Ill. 432, and it was there decided that when the heirs or devisees sought

to compel the surviving husband or wife to vacate an indivisible homestead which exceeded $1000 in value, a court of equity should require the heirs or devisees to pay the person entitled to such homestead $1000. The case at bar falls within the rule announced in the *Powell case* and must be controlled by what was there decided. We do not deem it necessary to repeat the reasons or review the authorities upon which the *Powell case* rests. The court below erred in requiring the widow to vacate the premises and surrender her homestead upon the payment of $598.79.

There is an allegation in the bill respecting the execution of the ante-nuptial contract and a denial thereof in the appellant's answer. No evidence was introduced by either party on this issue, except the ante-nuptial contract. No relief was prayed in regard to such contract and there is no reference to it in the record. The appellant suggests, both in her brief and in the oral argument of her counsel in this case, that she desires to save whatever right she may have to attack the validity of the ante-nuptial contract for fraud and misrepresentation. No question relating to the ante-nuptial contract was involved in this proceeding. The bill conceded that the appellant is entitled to a homestead in the premises in question, and the reference to the ante-nuptial contract in the bill seems to have been merely for the purpose of showing that the homestead right was excepted from the terms of the agreement. No adjudication of the validity of the ante-nuptial contract was necessary or proper under the issues in this case.

For the error indicated the decree of the circuit court of Wabash county is reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE FARMER, dissenting.