## Bertene Broholm, Defendant in Error, v. John E. Anderson, Plaintiff in Error.

### Gen. No. 17,307.

1. ADMINISTRATION OF ESTATES—*de son tort.* One who acts as administratrix without authority is liable to the duly authorized representatives of the estate for money she recovered in the name of the estate, regardless of whether she still has the funds or not.

2. ADMINISTRATION OF ESTATES—*action by administrator.* Where plaintiff acting as administratrix without authority is fraudulently induced by defendant, her attorney, to part with money belonging to the estate, she may sue in her individual capacity for the wrong done her.

3. ELECTION OF REMEDIES—*when suit in assumpsit does not bar suit in tort.* Where plaintiff is fraudulently induced by defendant, her attorney, to part with money which does not belong to her, the fact that she has instituted a suit in *assumpsit* and voluntarily dismissed it does not estop her from suing in tort.

4. FRAUD—*when notes need not be returned.* It is not necessary that plaintiff return notes received from defendant before suing in tort for fraud, the notes being introduced in evidence at the trial.

5. ATTORNEY AND CLIENT—*attorney has burden of showing fairness.* Where the relation of attorney and client is shown to exist,

and the question of the *bona fides* of a transaction between the parties is involved, it is upon the attorney to show the fairness and honesty of the *transaction*.

6. ATTORNEY AND CLIENT—*when client has right of action against attorney*. Where an attorney fails to deal fairly and honestly with his client, and fails to give truly all the information he has in relation to the transaction, and the client sustains a loss, he may maintain an action for damages to the amount of the loss sustained.

7. ATTORNEY AND CLIENT—*where attorney fraudulently obtains money from client*. Where defendant, an attorney, by withholding advice and information, and making misrepresentations, obtains money from plaintiff, his client, a judgment in tort for the money so obtained, with interest, is sustained.

8. INSTRUCTIONS—*when not on questions to be determined by the jury*. It is not error to refuse instructions which do not deal with questions to be determined by the jury.

Error to the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed April 9, 1913.

ABEL L. ALLEN, for plaintiff in error.

LEE COHN, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

A son of defendant in error came to his death through an accident at the works of the Illinois Steel Company in South Chicago. The steel company signified its willingness to pay to the proper representatives of his estate $500 in settlement of all claims against it on account of that death. Plaintiff in error, representing defendant in error as her attorney, procured letters of adminstration to be issued to her for the purpose of having her authorized to settle that claim for the $500 offered, and procured an order authorizing that settlement to be made. He then went to the office of the steel company with her and obtained from that company a check for the money, payable to her as administratrix. He then went with her to the bank, where the check was cashed. She was a widow and had two minor children, a brother and sister of the.

deceased. In the distribution of this fund she was entitled to one-half and the children were entitled to one-quarter each. Defendant in error testified she did not know when the check was cashed, how much of the money belonged to her personally. The parties had not known each other until this transaction came up. Defendant in error was an illiterate woman. She could not read or write more than her own name. After the check had been paid and before the parties left the bank, there was a division of the money, plaintiff in error taking part and defendant in error the balance. As to how much of the money each had and what was said and done by the parties at the time, there is a conflict in the evidence. She says he had the check in his possession and told her to sign it, which she did; that he then cashed it and turned over to her $200, retaining $300 himself, and asked her "what are you going to do with the children's money?" and said, "If you want to leave it in the bank you can. They will give you 3%. I will give 4 because I am guardian;" that she said, "All right," but that she got nothing to show for the money he kept until some three years later when he gave her two notes for $125 each that were dated back to the date the check was cashed. Anna Borngraber a sister of defendant in error, corroborates her in every essential particular.

Plaintiff in error says he identified defendant in error at the bank; that she cashed the check, took $250 of it herself and told him she wanted to "put out" the rest; that he told her the bank would give her 3% on a certificate of deposit; that she might get 6% if she could "find a mortgage;" that she asked him if he could not get more than 3%; that he said, "Oh, I might get you 4% if you want to loan it out, I am not anxious about it;" that she said all right, and that he then gave her his notes for the money. He further testified that he did not tell defendant in error he was the guardian of the children. He further says

the notes he then gave her were due on demand. His evidence stands alone and unsupported. He was not the guardian of the minor children. The letters of administration issued to defendant in error were subsequently revoked, because Frank V. Camp had already been appointed administrator of the estate when letters were issued to her. Plaintiff in error testified he had never paid the notes, because he was not able. The jury found the defendant guilty and assessed the plaintiff's damages at $382.50, and judgment was entered on the verdict.

Certain undisputable propositions stand out prominently, i. e., defendant in error is legally liable to the duly authorized representatives of the estate of her deceased son for the money she recovered in the name of the estate from the steel company, regardless of whether she still has the funds or not. Plaintiff in error never had any legal right to the money he obtained from defendant in error, because it was not her money. It belongs to the estate of her son. She had no right to loan it to him and he knew it. Even if her letters of administration had been regularly issued and had never been revoked, her right to the money as administratrix was solely for the purpose of its distribution to the next of kin of her decedent, and plaintiff in error, as her attorney, should have so advised her. He had no right to obtain it from her, either as a loan or by false pretense, or by any misuse of his confidential relations with her as her attorney, and it was in one of these ways he obtained it.

Recognizing her liability to the estate, defendant in error has sued in her individual capacity. She charges in her verified statement of claim that he obtained the money from *her,* not from the estate, by falsely and fraudulently pretending that he was the guardian of her minor children, and by the abuse of the confidential relation existing between them as attorney and client.

Plaintiff in error insists that defendant in error was

acting as an administrator *de son tort,* and that, while she could be sued as such, she could not sue in that capacity. A sufficient answer to that contention is that she is not suing in that capacity, but in her own right for a wrong done her. It would be a strange rule, indeed, that would deny her the right to recover back money that she has been wrongfully deprived of, because she owes it to some one else.

Plaintiff in error further contends that defendant in error is now estopped from suing in tort, because, before this suit was begun, she brought a suit in *assumpsit* and that such action was an election to treat the transaction as a loan, and to waive the tort. It is conceded that the suit in *assumpsit* was voluntarily dismissed by defendant in error before this suit was begun.

In Flower v. Brumbach, 131 Ill. 646, the Supreme Court held that "the mere bringing of a suit in assumpsit by a creditor who had two concurrent remedies,—the other being in tort for fraud,—is not of itself sufficient to operate as an irrevocable election on the part of the creditor to waive the tort." To the same effect is the holding in First Nat. Bank of Crockett v. Barse Live Stock Commission Co., 198 Ill. 232, and in Gibbs v. Jones, 46 Ill. 319. In the case of Allin v. Millison, 72 Ill. 201, the court holds that one may maintain a suit for fraud and deceit in a contract of sale without returning the consideration. We do not think defendant in error has waived the tort by bringing the suit in *assumpsit,* in view of the fact that the same was voluntarily dismissed by her. Nor that it was imperative that she return the notes of plaintiff in error before suing in tort. The evidence shows the notes had been matured by demand for payment before this suit was tried. The record shows that they were in the possession of defendant in error at the trial and were introduced in evidence, marked as exhibits and thoroughly identified with this judgment by

the evidence in this record, so that this judgment could be successfully pleaded in bar of an action on the notes in the hands of anyone.

When the relation of attorney and client is shown to exist and the question of the *bona fides* of a transaction between the parties is involved, it is upon the attorney to show the fairness and honesty of the transaction. Willin v. Burdette, 172 Ill. 117, and authorities there cited. When an attorney, in his dealings with his client, fails to deal fairly and honestly, taking an advantage of his relation, influence or knowledge, and fails to give to his client truly all the information he has in relation to the deal, and the client is overreached and sustains loss, an action may be maintained by the client against him for damage to the amount of the loss sustained. Gilbert v. Williams, 8 Mass. 51; State v. Vanderheyden, 9 Johns. (N. Y.) 253; Hunter v. Atkins, 3 Myl. & K. 113. Not only did plaintiff in error fail to show fairness and honesty in the performance of his plain duty, as the legal adviser of defendant in error, but we think the clear preponderance of the evidence shows that by withholding the advice and information he should have given and by absolute falsehood and misrepresentation he obtained the money in question, and that defendant in error has shown a clear right to a judgment against him for the same. We also think under the evidence the jury were warranted in finding that the amount of the money so obtained was $300, which was the amount with interest added the jury fixed as the damages.

Plaintiff in error complains of the refusal of instructions numbered 3, 4 and 5 offered by him. They were all properly refused. None of them dealt with questions to be determined by the jury, and it would have been error to give them.

The judgment is, therefore, affirmed.

*Judgment affirmed.*