### Leroy L. Larsh, Administrator, Defendant in Error, v. Amy McClelland et al., Plaintiffs in Error.

1. EXECUTORS AND ADMINISTRATORS, § 382*—*procedure. to sell realty to pay debts.* The practice in cases of petition to sell real estate to pay debts is analogous to the chancery practice.

2. APPEAL AND ERROR, § 725*—*what essential to sustain decree.* Under the chancery practice the party in whose favor a decree granting relief is entered, to maintain it must in some way preserve the evidence, by certificate of evidence or otherwise, or the decree must find the specific facts that were proven on the hearing.

3. APPEAL AND ERROR, § 1301*—*what not presumed.* Where no right to jury trial exists, no presumption will be entertained that evidence sufficient to sustain the decree or judgment which does not appear in the record was heard.

4. EXECUTORS AND ADMINISTRATORS, § 100*—*what is duty of administrator.* The administration of estates is statutory, and the burden is upon the administrator to perform in the time and manner provided by law or give a reasonable excuse for his failure to do so.

5. EXECUTORS AND ADMINISTRATORS, § 405*—*what constitutes laches barring sale of realty to pay debts.* An administrator of an estate is guilty of laches so as to defeat an action to sell land to pay debts where, without excuse or reason he delays for more than seven years to file such petition.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Error to the County Court of Marion county; the Hon. Charles E. Jennings, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed May 1, 1915.

Bundy & Wham, for plaintiffs in error.

Samuel L. Dwight, for defendant in error.

Mr. Justice Harris delivered the opinion of the court.

This case is presented by a writ of error sued out by plaintiffs in error as the heirs at law of Lewis F. Larsh, deceased, to reverse a judgment of the County Court of Marion county in favor of the administrator of said estate, and against plaintiffs in error, directing sale of real estate belonging to the deceased to pay the debts of said estate. The petition was filed on the 28th day of January, 1913, and alleges that the said Lewis F. Larsh departed this life, intestate, on the 7th day of January, 1906; that the petitioner, defendant in error, was on the 17th day of July, 1880, appointed guardian, later duly appointed conservator by the County Court of Marion county of the said Lewis F. Larsh and later, by direction of said court, proceeded as administrator of the estate of said Lewis F. Larsh; that an inventory, appraisement bill and sale in said estate have been filed and that defendant in error, as such guardian, conservator and administrator, rendered to said court just and true account of the personal estate of deceased; that claims have been allowed against said estate amounting to the sum of $2,306.43, and petitioner knows of no other just claims yet to be presented; that there had come into hands of petitioner, as conservator, rent of land and personal estate amounting to $45, which had been paid out on claims and costs.

The petition alleged that Lewis F. Larsh was seized at the time of his death of 38 acres of land in said peti-

tion described and that said real estate was free from liens; that petitioner, as conservator and administrator, is in the possession of said real estate; that Lewis F. Larsh left as his only heirs at law, the parties petitioner and plaintiffs in error. Prayer for final hearing and order to sell the lands described in petition. A motion by plaintiffs in error to dismiss the petition on the ground that the petitioner had never been appointed administrator. Answer of plaintiffs in error admits the death of Lewis F. Larsh and his ownership of the land described in petition at the time of his death.

The answer denies the appointment of Leroy F. Larsh as administrator of said estate and further denies that there are any unpaid debts against said estate. They further deny that the sum of $2,306.43 has been allowed against said estate or any amount whatsoever. They plead statute of limitations against claims and laches in petitioning to sell land to pay debts. A general replication filed to the answer followed by hearing and decree ordering sale, from which this writ of error is prosecuted. There is no certificate of evidence preserved or filed. This writ of error must be determined upon the pleadings and decree or judgment of the court.

The practice in cases of petition to sell real estate to pay debts is analogous to the chancery practice. (Hurd's Rev. St., ch. 3, sec. 101, [J. & A. ¶ 150.]) *Harding v. Le Moyne,* 114 Ill. 65.

In chancery cases the practice is well settled in this State that the party in whose favor a decree granting relief is entered to maintain it must in some way preserve the evidence, by certificate of evidence or otherwise, or decree must find the specific facts that were proven on the hearing, and it is not the duty of the party against whom the decree is rendered to preserve the evidence. *Berg v. Berg,* 223 Ill. 209. *Ohman v. Ohman,* 233 Ill. 632. Where no right to jury trial ex-

ists, no presumption will be entertained that evidence sufficient to sustain the decree or judgment not appearing in the record was heard, and if the evidence is not thus properly preserved the decree will be reversed upon appeal. *Village of Harlem v. Suburban R. Co.,* 202 Ill. 301; *Torsell v. Eiffert,* 207 Ill. 621. The petitioner should aver and prove that at the time of the death of Lewis F. Larsh he was acting as his conservator; that within one year after the death of Lewis F. Larsh he proceeded according to law to have creditors of the deceased file their claims and what claims and what amount of claims were filed and allowed within the time allowed by law. Why and what were the circumstances of waiting for more than seven years before filing a petition to sell the real estate and pay the creditors of this estate? It was not only necessary for petitioner to make these averments and proof, but he must follow this by preserving in the record, by certificate of evidence, or by specific findings in the decree, the evidence. This was not done, and the record is silent upon all the questions raised by the answer.

The administration of estates is statutory, and the burden is upon the administrator to perform in the time and manner provided by law or give a reasonable excuse for his failure to do so. The fact that he, as administrator, exercised a right of possession over the lands in controversy, a right which he did not have under the law as administrator, and because his possession was not challenged by the parties entitled to the same, does not change either his responsibility or duty as such administrator. The argument of plaintiffs in error to dismiss petition, on the ground the motion was made, was properly denied.

The second assignment of error, the argument of laches upon the part of the petitioner, is well taken, because no excuse or reason was given as to why seven years had expired before he, the petitioner, proceeded

to sell real estate for an individual who, during his lifetime, did business only through petitioner as guardian and conservator. If there was any legal excuse for such delay, petitioner would know it and he should plead it.

The petition filed in this case gave no reason for delay, and the proceeding was barred by laches. There is no statutory limitation of the right to file such a petition, but it must be done within a reasonable time, and seven years has been adopted as a proper time within which application shall be made. *Graham v. Brock*, 212 Ill. 579. For the failure of the petition and the findings in the decree to present an excuse for laches and the failure of petitioner to preserve the evidence or facts necessary to sustain the decree; the judgment or decree of the County Court is reversed and cause remanded.

*Reversed and remanded.*