No. 11,330.

UNION NATIONAL BANK OF GREELEY, *v.* WRIGHT, ET AL.

Decided November 30, 1925.   Rehearing denied December 21, 1925.

Proceeding concerning disposal of property of a deceased person. Decree for sale of real estate and distribution of funds.

*Affirmed.*

*On Application for Supersedeas.*

1. HOMESTEADS—*Exemption—Creditors.* While a creditor may be interested when the value of homestead property exceeds the exemption allowance of $2,000, nevertheless as to the exemption, he is not a creditor at all.

2. EXECUTORS AND ADMINISTRATORS—*Homestead Exemption.* The estate of a deceased person has no interest in the homestead exemption of a surviving husband or wife.

3. *Sale of Real Estate to Pay Debts—Homestead Exemption.* Where it became necessary to sell real property of an estate, covered by a homestead, to pay debts, an order of court directing the sale and requiring that $2,000 be retained out of the proceeds to be paid the surviving husband in lieu of his homestead right in the property, is approved.

4.     *Real Property—Homestead—Debts.* To the extent that an indivisible homestead exceeds the value of the exemption, it may be subjected to the payment of the debts of the deceased where there are no other available assets.

5.     HOMESTEADS—*Rights of Surviving Heirs.* The rights of a surviving widow or husband or minor children of a person who dies seized of a homestead are not enlarged nor diminished by the fact of such death.

*Error to the County Court of Weld County, Hon. Roy M. Briggs, Judge.*

Mr. I. S. SMITH, Mr. HARRY N. HAYNES, for plaintiff in error.

Mr. THOMAS A. NIXON, for defendants in error.

*Department One.*

MR. JUSTICE ADAMS delivered the opinion of the court.

THIS is an application for a supersedeas, wherein plaintiff in error, the Union National Bank of Greeley, objects to the provisions of an order and an amendment thereto, made by the county court of Weld county, involving the estate of a deceased person. The order and amendment direct the sale of the real estate of decedent to pay debts, and require that two thousand dollars shall be retained out of the proceeds of sale, to be paid to the surviving husband of decedent in lieu of his homestead right in the property to be sold.

We shall consider and hereafter refer to the order and amendment thereto as one order. Plaintiff in error will be referred to as the bank.

The status of the bank is that of one asserting an unsecured claim against the estate of the deceased, which claim is in dispute and is being litigated in another action, but without deciding or passing upon its merits, we shall assume, only for the purpose of giving the bank a stand-

ing in this case, that the claim is valid and that the bank has a right to be heard as an objector to the above order. A sale of the real estate is pending and it cannot be consummated unless and until the order is approved by this court. Our decision as to this matter will stand, regardless of the ultimate fate of the above claim of the bank against the estate. The sole question to be determined in this case is the right of the probate court to make the above order concerning the sale of the real estate. Matters not bearing upon this point will not be discussed.

Alice E. Wright died seized of a homestead; her husband survived her; the estate is insolvent; deceased owned no other real estate or property to which resort may be had to pay the debts of deceased or expenses of administration, and it is necessary to sell the real estate covered by the homestead in order to pay debts against the estate. This real estate is indivisible; it was appraised at five thousand, two hundred and fifty dollars; the offer for it is sixty-five hundred dollars; the parties concede that the surviving husband is occupying it and that he is entitled to homestead right, but the views of counsel for the executors and the bank break apart here. They cannot agree as to what this homestead right amounts to after the death of the wife or husband. Counsel for the bank contends that the right of the surviving spouse consists in the use and enjoyment of the premises during his or her occupancy subsequent to such death, without regard to the fact that its value is in excess of the limit of two thousand dollars exemption, whereas counsel for the executors asserts that the requirements of the estate necessitate the sale of the property to pay debts, therefore the order of sale is right, the court having made provision in its order for the sum of two thousand dollars to be kept out of the proceeds for the homestead exemption of the surviving husband. The inquiry is thus narrowed to a determination of which of these adverse positions is correct.

Compiled Laws, 1921, section 5924 reads: "Every householder in the state of Colorado, being the head of a family,

shall be entitled to a homestead not exceeding in value the sum of two thousand dollars, exempt from execution and attachment, arising from any debt, contract or civil obligation, entered into or incurred after the first day of February, in the year of our Lord one thousand eight hundred and sixty-eight".

It is further provided by Compiled Laws, 1921, section 5927, that: "When any person dies seized of a homestead, leaving a widow or husband, or minor children, such widow, or husband, or minor children, shall be entitled to the homestead; but in case there is neither widow, husband, nor minor children, the homestead shall be liable for the debts of the deceased".

Compiled Laws 1921, section 5926, provides that such homesteads shall only be exempt while occupied as such by the owner thereof, or his or her family. Section 5930 of the same act defines how a creditor may reach the non-exempt part of the property above the value of two thousand dollars. If it sells for more than two thousand dollars and costs, "the excess shall be applied to the payment of the demand of such creditor; but in all such cases the sum of two thousand dollars, free of charge or expense, shall be paid to the owner of the homestead; and in case the said homestead shall not sell for more than two thousand dollars and costs, the person instituting the proceedings shall pay the costs of such proceeding, and the said proceeding cease and not effect or impair the rights of the owner of the homestead". The next section, 5931, provides: "That in case of the sale of said homestead, any subsequent homestead acquired by the proceeds thereof shall also be exempt from execution or attachment, nor shall any judgment or other claim against the owner of such homestead be a lien against the same in the hands of a bona fide purchaser for a valuable consideration."

Compiled Laws 1921, section 5296, et seq., provides for the sale or mortgaging of real estate of deceased persons and others in certain cases, "whenever it shall appear necessary or expedient for or to the best interest of any estate

or the persons in interest therein, having due regard to the rights of all * * *." The husband is now occupying the homestead premises. No question is raised as to the compliance by the executors with the conditions precedent to the order of sale, as required by the above section 5296, and the following sections, the burden of the bank's objection being stated that the court's order constitutes "final judgment for disbursement of two thousand dollars of the funds of an insolvent estate without authority of law." It is, however, to be borne in mind that while a creditor may be interested when the value of the property exceeds the exemption allowance of two thousand dollars, nevertheless as to the exemption, he is, in fact, not a creditor at all. This principle was stated in *Barnett v. Knight,* 7 Colo. 365, 374, 3 Pac. 747, and applies equally here, involving the homestead of a deceased person and her surviving husband, and the estate has no interest in such exemption.

It will be observed that Compiled Laws 1921, section 5931, in its application to the rights of creditors before the death of one seized of a homestead, as mentioned in section 5927, makes provision for the protection of the rights of both the creditors and the owner of the homestead. The county court in its order of sale, followed the analogy of this statute, protecting both; its order was made with due regard to the rights of all, as it was required to do by section 5296, above referred to. We approve of the simplicity of the procedure, when so manifestly in harmony with the spirit of the homestead laws and when the rights of all have been protected.

In *Calmer v. Calmer,* 15 N. D. 120, 106 N. W. 684, it was held that to the extent that an indivisible homestead exceeds the value of the exemption, it may be subjected to the payment of the debts of the deceased, where there were no other available assets.

In *Hamilton v. Wilcox,* 167 Mich. 551, 133 N. W. 615, a controversy between the creditors of an estate and a widow, it was held that she had an unquestioned interest to the extent of the exemption, and that the rights of the

creditors to what the premises, as a whole, were worth in excess of that amount was equally beyond question.

In 29 C. J., page 1023, it is said: "In order to authorize the sale of the homestead property when it is indivisible, * * * it is sufficient if the payment is secured to be made from the proceeds of the sale before surrender of possession." Our statute is to the same purport. Compiled Laws 1921, section 5930.

Holdings similar to the above, under the homestead laws of Illinois, involving the rights of heirs and the homestead owner will be found in *Powell v. Powell,* 247 Ill. 432, 93 N. E. 432; *Goddard v. Landes,* 250 Ill. 457, 95 N. E. 477.

Under our statutes, the rights of a surviving widow or husband, or minor children of a person who dies seized of a homestead, are not enlarged nor diminished merely by the fact of such death. This, we take it, is the purpose of C. L. section 5297, providing for the rights of the survivors. Furthermore, it would be as bad to hinder or delay the rights of the creditors of the owner of the homestead interest, after the death of the latter, as it would be to do so if he or she were living. If the principle contended for by the bank should be endorsed, one with a homestead right limited to the value of two thousand dollars could live in a mansion worth fifty or more times that amount during his or her natural life, and compel the creditors of an insolvent estate to await the coming of the hearse before their debts were paid. This cannot be.

We readily acknowledge our confidence in the sincerity and good faith of counsel for the bank and our belief in his desire to do what he thinks is for the best interest of the estate, but the county court has determined what is such best interest, and its decision meets with our approval. Arguments as to expediency and the old age of the surviving husband do not change the law. Neither do discussions concerning the doctrine of caveat emptor, as applied to the prospective purchaser, have any bearing on the case. If the prospective purchaser would buy the property regardless of the homestead right, no doubt it would be a

welcome contribution to the estate, but naturally, he will not do it; the sale has not been completed and the executors have properly agreed to rid the property of the homestead interest if he buys it, and the encumbrance cannot and should not be foisted upon him against his will.

For the above reasons the order of sale as amended is approved, and the county court is directed to proceed accordingly, and upon consummation of the sale, to pay the two thousand dollars to Dr. Wright, the owner of the homestead interest, as provided in the order, upon his surrender of the premises and upon the execution of proper receipt and release.

The supersedeas is accordingly denied and the judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE BURKE concur.