464

Lynn Ankrom, Executor, and Ora Wiese, Executrix of the Estate of Sarah J. Ankrom, Deceased, Appellee, v. W. A. Doss (Lillie Biedert et al.), Appellant.

Gen. No. 8,737.

Opinion filed April 11, 1933.

W. A. Doss, Carl Í. Glasgow and C. E. Corbett, for appellant.

E. J. HAWBAKER, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This case arises upon a petition to sell real estate to pay debts in the estate of Sarah J. Ankrom, deceased, in the county court of Piatt county. In this petition to sell real estate to pay debts one of the defendants is W. A. Doss, the appellant in this case. The appellant, on February 5, 1931, filed a claim against the estate in the county court for the sum of $1,973.49, under oath, and attached thereto was a certified copy of a transcript of a judgment obtained in his name in the circuit court of Shelby county against Sarah J. Ankrom, by confession, on July 24, 1925, for $1,917.66 and $5 costs. On the back of this claim, in the usual form, was the entry of appearance of Ora Wiese, executrix, and Lynn Ankrom, executor of said estate, entered at the April term of court, 1931, objecting to its allowance. On April 6, 1931, the executor and executrix were granted leave to file a motion in the said circuit court of Shelby county to set aside said judgment, and for leave to plead. On February 25, 1932, in said county court, appellees filed their usual form of petition to sell real estate to pay debts, having theretofore filed their just and true account, etc., and among other things alleged in said petition there was a mere general objection to the allowance of the claim of W. A. Doss, appellant, and W. A. Doss was made one of the defendants thereto. Doss thereafter, on March 7, 1932, filed his written answer thereto.

On May 27, 1932, appellees filed an amendment to the original petition. On May 28, 1932, Doss, appellant, filed his general and special demurrer thereto, which was overruled and exception taken. Appellant Doss thereafter filed his written motion for a rule on the appellee to file written defenses to his claim, which

was by the court overruled and exception taken. Thereafter, said Doss also filed general and special demurrer to the amendment to the said original petition, which was overruled and exception taken. Thereafter, said appellant filed answer to the original and amended petition on May 31, 1932, to which answer appellee filed replication. Thereafter, appellant, Doss, filed an objection to certain homestead property being sold, on the ground that it was worth less than $1,000, but upon appraisal the value was found to be $1,200, and appellant's motion and petition were denied.

In appellant's statement of the case it was recited:

"In view of the fact that some confusion has arisen in this case, and has caused considerable difficulty in trying to fix the record in this case, due to the fact that petitioners' attorney insisted, and the trial court permitted, the record of the trial of the original claim of W. A. Doss filed in this cause to be included in the decree of the petition to sell real estate to pay debts as a part of the record in that case, while, on the other hand, the trial judge allowed the appeal on that claim to the Circuit Court of Piatt County, we deem it necessary to make a few brief statements of fact regarding the trial of that claim, since opposing counsel insisted and demanded that the testimony on the trial of that claim be included in the bill of exceptions in that case. . . . We very frankly admit that we do not know whether this decree means that the lien of the judgment of appellant, W. A. Doss, in the Circuit Court of Shelby County is limited to the lien on the real estate in that County to only four hundred dollars, or that the judgment is valid as a judgment to its entire amount as a claim to be later adjudicated on its appeal now pending in the Circuit Court of Piatt County. . . . We merely make this statement as a reason why we are not attempting to state what that decree means or does not mean on that subject matter,

which we objected to as to its form and substance, and we are still objecting, as it is ambiguous, indefinite and uncertain.'' So that we get little light in this case from appellant's presentation of the same. Appellant's abstract omitted much of the salient facts in the case, so that an additional abstract was filed and from it and the whole case we find the following state of facts existed:

The two controversies and questions to be presented arose out of a petition to sell real estate to pay debts, filed by the executor and executrix of the estate of Sarah J. Ankrom. There is no question but that the petition was proper, and it was necessary to sell all of the real estate mentioned therein in order to pay the debts.

The first question presented for review is, whether it was necessary and proper, before the petition to sell real estate could be granted, to determine whether or not the judgment obtained by W. A. Doss on the note in Shelby county was a valid and existing lien on the land there, and, since there was a claim filed, whether the court properly set the claim for hearing and correctly tried that matter and entered the proper decree in reference thereto.

The second question is, Did the county court proceed correctly upon the coming in of the report of the commissioners which reported that the homestead could not be set aside from the property and valued the whole at $1,200 (Andrew D. Ankrom filed no consent to the sale of the homestead), and did the court act properly in refusing to grant the motion of W. A. Doss that the sale of the property, which included the homestead, be postponed until after the death of the homesteader, Andrew D. Ankrom?

Sarah J. Ankrom in her lifetime was seized of the following described property: Tract one, a house and lot in Villa Grove, Douglas county, Illinois; tract two,

a homestead in the Village of Cerro Gordo, Piatt county, Illinois; tract three, 80 acres of land in Shelby county; and a life estate in considerable property in Douglas county, Illinois. Her husband, Andrew D. Ankrom, was also seized of 240 acres of land about the time of the origin of the controversy herein related.

On September 2, 1924, Andrew D. Ankrom and Sarah J. Ankrom gave to John W. Vent, then president of the State Bank of Cerro Gordo, their promissory note in the principal sum of $14,000 payable in 30 months, who, at maturity, confessed judgment thereon in the amount of $15,547.33. W. A. Doss filed a motion to open same, supported by the affidavit of Sarah J. Ankrom, alleging certain facts concerning the making of the note which caused the circuit court to open the judgment and give leave to plead. These facts, if true, would have defeated the cause of action as against Sarah J. Ankrom. At that time her husband was the owner of sufficient real estate and other property to have satisfied the entire judgment obtained on the note which he had signed as principal and which Mrs. Ankrom had signed only as surety.

After the judgment was taken the sum of $1,430 was paid to the bank, obviously by Andrew D. Ankrom since Sarah J. Ankrom was contesting the validity of the judgment. This judgment was confessed in the circuit court of Piatt county. The bank also took judgments on three other notes aggregating $3,462.62. Mrs. Ankrom was not a party to judgment of any of these notes, as shown by the testimony of Mr. Ankrom and attorney Reed, who represented the bank. The indebtedness of these judgments was incurred by a son, Ralph.

After filing the motion to set aside the judgment as against Sarah J. Ankrom on February 25, 1927, W. A. Doss wrote a letter to his client advising her of impending negotiations with Mr. Reed and a settlement of the judgment, which had been taken against her.

The parties met in the office of Mr. Reed in Monticello, March 17, 1927, and the contract there entered into shows that the parties proceeded to settle all of the cases and that Mrs. Ankrom was induced to assume indebtedness in the amount of $3,462.62 in two of the cases, and that she paid $1,537.38 on the larger judgment or a total of $5,000. After this agreement was reached and the parties were leaving, Mrs. Ankrom was beckoned into the office of W. A. Doss, detained two hours, and came out crying, and it was on that occasion that he procured the note of $1,582.

When the circuit court next convened the order of dismissal and settlement of the cases was entered.

On July 24, 1929, an attorney employee, N. E. Hutson, caused judgment to be taken on said note against Sarah J. Ankrom in the circuit court of Shelby county for the principal, interest, and $150 attorney fees. Attorney Hutson received no part of the said fees. There was never any execution issued from that court and sent to Piatt county, Illinois, where the said Sarah J. Ankrom resided and she knew nothing of the judgment, nor did the said executrix and executor know anything of it until a claim was filed with a transcript of it. The said executrix and executor were then represented by the late John Chadwick, negotiations ensued between the representative of said estate and the attorney of W. A. Doss with reference to opening said judgment in Shelby county and finally a stipulation was entered that the matter might be postponed without prejudice.

When the petition to sell real estate to pay debts was filed the claim was undisposed of. An amendment to the original petition was filed and set forth more in detail the manner of the procuring of the note, the alleged consideration therefor, and that the amount of the note was so far in excess of the value of the services rendered that the taking of the same was tantamount to fraud; that the judgment lien in Shelby

county constituted a cloud on the title of the 80 acres and that it should be removed in the proceedings to sell real estate to pay debts. A demurrer was filed to the amendment but was overruled; and the claimant, W. A. Doss, demanded a jury trial. His request was granted by the court and a jury of six was agreed upon and the claim was tried in the county court. The verdict of the jury was in favor of the claimant, W. A. Doss, in the sum of $400.

The trial of that claim was a part of the petition to sell real estate to pay debts; and under the issues framed the court was exercising the broad equitable powers of the county court in such matters. The court heard all the evidence and found that the true and correct amount due and owing to the claimant was $400, as specified in the verdict. The decree of the county court provided that the judgment in Shelby county should be set aside, vacated, and annulled as a lien on the title of said real estate.

The practice in cases of petition to sell real estate to pay debts is analogous to the chancery practice. The party in whose favor the decree is granted should preserve the evidence or the decree must find specific facts that are proven on the hearing. (*Larsh v. McClelland,* 194 Ill. App. 38; *Akin v. Akin,* 268 Ill. 324; *Garrard v. J. S. Ashbrook Co.,* 222 Ill. App. 387.)

When the relation of attorney and client exists at the time a note is executed, the client is not required to establish fraud or imposition in order to defeat the note. The relation having been shown when the note was executed, the burden of proof rests on the attorney to show fairness and adequacy of consideration. (*Faris v. Briscoe,* 78 Ill. App. 242; *Broholm v. Anderson,* 178 Ill. App. 623; *Willin v. Burdette,* 172 Ill. 117; *Robinson v. Sharp,* 201 Ill. 86.)

Since the amendment to the Administration Act, June 15, 1887 (sec. 101), Cahill's St. ch. 3, ¶ 102, the

county court has the power in a proceeding to sell real estate to pay debts to call before it adverse claimants to the land and any and all lien holders and adjudicate upon their rights to the extent of setting aside deeds or vacating judgments before ordering the land to be sold. (*Newell v. Montgomery,* 129 Ill. 58; *Lininger v. Helpenstell,* 229 Ill. 369; *Schottler v. Quinlan,* 263 Ill. 637; *Clayton v. Clayton,* 250 Ill. 433; *Sawyer v. Wiemers,* 182 Ill. App. 651.)

Taking up the second issue of this case, the motion of W. A. Doss to postpone the sale of the Cerro Gordo property until the death of Andrew D. Ankrom, the duly qualified commissioners had reported that they were unable to assign homestead in the premises to Andrew D. Ankrom and that the total value of the premises was $1,200. To impeach this report Earl Griswold and John W. Vent were called by W. A. Doss and they thought the property would sell for somewhere around $1,000. It is specifically provided in the decree that if the property does not sell for more than $1,000, there is to be no sale thereof. The executor, Lynn Ankrom, testified in the said hearing that he had known the property for 33 years, that his father lived in the property as his homestead, the roof was beginning to need repair and would have to be renewed, that there was $113.96 unpaid taxes carried over from the year previous, and that they had no money to pay the taxes or to pay insurance; that they had been unable to get any tenant for the house and that he thought the house would bring at a public sale between $1,200 and $1,500, and that his father was living on the charity of his children. The court, after hearing the matter, ordered this property included in the decree of sale of all the property.

Where, on a petition to sell real estate, the homestead exceeds in value the sum of $1,000 and there is no written consent to sale by the husband, it is the

duty of the court to decree the sale of the property embracing the homestead if the property can be sold for more than $1,000. (*Cutler v. Cutler,* 188 Ill. 285; *Powell v. Powell,* 247 Ill. 432; *Goddard v. Landes,* 250 Ill. 457.)

It has been held in *In re Estate of Duffield,* 258 Ill. App. 78:

"This statute has been uniformly held to require that claimants must, in order to participate in the distribution of the assets of an estate, present their claims, for the purpose of having them allowed. Failing to do so, they can only have their claims satisfied out of property not inventoried. *Roberts v. Flatt,* 142 Ill. 485–490; *Waughop v. Bartlett,* 165 Ill. 124–131; *Strauss v. Phillips,* 189 Ill. 9–23; *Morse v. Pacific Ry. Co.,* 191 Ill. 356–361. *Beebe v. Kilpatrick,* 321 Ill. 612–617."

We have read the entire record and are satisfied that the decree of the county court of Piatt county is free from error, just and correct.

We have read the letter of appellant in the additional abstract presented by appellees, and the whole record shows succinctly the nature of the claim which W. A. Doss had against Sarah J. Ankrom and how it was obtained. The conduct of counsel for Sarah J. Ankrom has not been exaggerated. Whether the decree in this cause will close the doors of other courts to appellant to litigate the matter of this fee, note and judgment further, we are not called upon to determine. From cases cited, it would appear that the 80 acres of land in Shelby county, "had escaped its clutch." If other lands belonging to Sarah J. Ankrom should be discovered, not covered by this decree, doubtless the litigation in some manner could be pursued.

The decree of the county court of Piatt county is affirmed.

*Affirmed.*