In re Leo Franklin SWARTZENDRU-
BER, a/k/a Leo F. Swartzendruber,
a/k/a Leo Swartzendruber, Debtor.

Leo Franklin SWARTZENDRUBER,
a/k/a Leo F. Swartzendruber,
a/k/a Leo Swartzendruber, Applicant,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, Respondent.

Bankruptcy No. 87 B 00188 J.

United States Bankruptcy Court,
D. Colorado.

April 16, 1987.

Tom H. Connolly, Connolly & Phillips, Glenwood Springs, Colo., for debtor.

Barbara A. Shangraw, Denver, Colo., for Federal Deposit Ins. Corp.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER came on for hearing on April 13, 1987, on the Debtor's Motion to Void Lien pursuant to 11 U.S.C. § 522(f).

The parties stipulated to the following facts. On December 10, 1986, the Debtor and his wife sold their residence for $130,-000.00. From the gross proceeds of that sale, the following deductions were made:

1. $82,375.32 to Federal Land Bank to satisfy a 1st Deed of Trust.

2. $6,741.79 to Federal Deposit Insurance Corporation ("FDIC") to satisfy a 2nd Deed of Trust.

3. $17,569.24 to FDIC to partially satisfy a judgment lien held by FDIC.

4. $5,744.42 for closing costs and sales commission.

5. $17,569.23 to Debtor and his wife.

At the closing, and on the Statement of Settlement, the Debtor and his wife agreed to pay the FDIC the $17,569.24 only under protest and wrote the following on the Statement of Settlement:

Sellers have signed this settlement sheet under protest as to the payoff demand on line # 6 [FDIC judgment $17,-569.24] and without prejudice as to their claim for a full homestead exemption against the FDIC, successor to 1st National Bank of Rifle. Sellers release Stewart Title Co. and Glenwood Brokers from any claim with respect thereto.

On January 8, 1987, the Debtor (not with his wife) filed his Chapter 7 petition. And on January 26, 1987, the Debtor filed the within Motion seeking to assert his homestead exemption of $20,000.00 in the proceeds of the sale of the residence under § 38–41–201, et seq., C.R.S.

Had the sale not been consummated prepetition, the Debtor would clearly have been entitled to use § 522(f) and the proceeds of sale would have been distributed as follows in accordance with *In re Lambert*, 34 B.R. 41 (Bankr.Colo.1983):

1. $5,744.42 for closing costs and sales commissions.

2. $82,375.32 to Federal Land Bank to satisfy a 1st Deed of Trust.

3. $6,741.79 to FDIC to satisfy a 2nd Deed of Trust.

4. $20,000.00 to Debtor and his wife as their homestead exemption under § 38–41–201, C.R.S.

5. $7,569.24 to FDIC to partially satisfy its judgment against the Debtor (instead of the $17,569.24 FDIC actually received).

6. $7,569.23 to Debtor's wife as her share of the joint tenancy equity.

FDIC argues there is no longer a lien because it was released and therefore the Debtor cannot use § 522(f). This exalts form over substance. FDIC received the funds as a direct result of a judgment lien. The Debtor specifically reserved and claimed his homestead exemption when the funds were distributed. And under § 38–41–207, C.R.S., the Debtor is entitled to preserve his homestead exemption in the proceeds of the sale for one year. That section provides:

> The proceeds from the exempt amount ... in the event the property is sold by the owner ... shall be exempt .. for a period of one year after such sale if the person entitled to such exemption keeps the exempted proceeds separate and apart from other moneys so that the same may always be identified...."

The restriction against co-mingling is for the benefit of creditors so that there may be no doubt as to which funds are exempt and which are not. Here, that problem does not exist because FDIC itself is holding the funds. The Debtor in no way voluntarily surrendered the funds or caused any co-mingling.

FDIC also asserts that the Debtor and the Debtor's estate no longer have an interest in the property because the residence was sold prior to bankruptcy. The FDIC misunderstands the Debtor's claim of exemption. The Debtor claims an exemption under § 38–41–207, C.R.S., in the *proceeds*, not in the real property, and specifically reserved his homestead rights at the time the funds were disbursed.

The fact of the matter is that the FDIC had no entitlement to the exempt portion of the proceeds at the sale. "It is, however, to be borne in mind that while a creditor may be interested when the value of the property exceeds the exemption allowance

of [$20,000.00], nevertheless as to the exemption, he is, in fact not a creditor at all." *Union Bank v. Wright,* 78 Colo. 346 at 350, 242 P. 54 (1925). It is, therefore,

ORDERED that the within Motion is granted and the FDIC is entitled only to the sum of $7,569.24, not $17,569.24 out of the proceeds of the sale.