**In re Lawrence P. RAYMOND and Valeria A. Raymond, Debtors.**

**REGION 12 REVOLVING LOAN FUND CORPORATION, Appellant,**

v.

**Lawrence P. RAYMOND, Valeria A. Raymond, Appellees.**

No. 92–1181.

United States Court of Appeals, Tenth Circuit.

March 3, 1993.

Steven R. Rider and David R. Lucey, Rider & Woulf, P.C., Aurora, CO, for appellant.

Tom H. Connolly, Denver, CO, for appellees.

Before TACHA and BALDOCK, Circuit Judges, and BROWN,* Senior District Judge.

WESLEY E. BROWN, District Judge.

Appellant Region 12 Revolving Loan Fund Corporation appeals from an order of the district court affirming the bankruptcy court's ruling, 132 B.R. 53, that debtor Valeria A. Raymond was entitled to claim the homestead exemption provided by Colo. Rev.Stat. § 38–41–201 for a residence owned solely by her. We affirm.[1]

Appellant argues that the bankruptcy court and district court erred in holding that Mrs. Raymond was entitled to the exemption because she did not occupy the residence as a home. Appellant argues Mrs. Raymond had abandoned the homestead.

Mrs. Raymond had owned the home for several years prior to the time that she and her husband, Lawrence P. Raymond, filed their petition in bankruptcy. At the time the petition was filed, Mr. Raymond had already moved to Texas with the couple's children. He had a new job there, had enrolled the children in school, and had leased a house with an option to buy. Mrs. Raymond remained in Colorado and lived in the home while she arranged for a moving company to pack their belongings. The belongings were shipped to Texas ten days after the petition was filed. At that time, Mrs. Raymond also moved to Texas. The residence was later sold by the bankruptcy trustee, and Mrs. Raymond asserted her exemption against the proceeds of the sale.

■ The facts are undisputed. We review the bankruptcy court's legal determinations de novo. *First Bank v. Mullet (In re Mullet)*, 817 F.2d 677, 679 (10th Cir. 1987).

■ The Colorado homestead exemption provides that homesteaded property "shall only be exempt ... while occupied as a home by the owner thereof or his family." Colo.Rev.Stat. § 38–41–203; *see also In re Estate of Dodge*, 685 P.2d 260, 264 (Colo.Ct.App.1984) (homestead exemption applies only while property is occupied as a home by owner or his family). Appellant argues that Mrs. Raymond was not occupying the residence as a home at the time the bankruptcy petition was filed and, in fact, had abandoned the residence, because Mr. Raymond had already moved to Texas and established a home there for the family.

"The purpose of the Colorado homestead exemption is to secure to the householder a home for himself and his family, regardless of his financial condition." *Lombard v. Axtens (In re Lombard)*, 739 F.2d 499, 503 (10th Cir.1984).

The fact that Mr. Raymond had moved prepetition does not control here. This case is similar to the circumstances presented in *Swartzendruber v. FDIC (In re Swartzendruber)*, 72 B.R. 463 (Bankr. D.Colo.1987). There, the sale of the residence was consummated prepetition. The court, noting that a postpetition sale entitles the debtor to the homestead exemption, held that pursuant to Colo.Rev.Stat. § 38–41–207, a debtor is entitled to preserve his exemption in the proceeds of the

---

* Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

sale for one year even if the sale were made prepetition so long as the debtor used the proceeds for the acquisition of another home. *Id.* at 464.

Although Mrs. Raymond had listed the house for sale, she occupied the residence on the day of filing and for ten days thereafter. Her intention to move in the immediate future does not disqualify her homestead rights in the property. Further, the actions of Mr. Raymond in leasing a house with an option to buy evidences the debtors' intent to purchase another home. *Cf. In re Grindal,* 30 B.R. 651, 653 (Bankr. D.Me.1983) (debtor who intends to sell homestead and *not* purchase another home, may not qualify for exemption). The record shows that Mrs. Raymond intended to maintain her status as a homeowner.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.